399 F.Supp. 1400 (1975)
In re BOMB DISASTER AT ROSEVILLE, CALIFORNIA, ON APRIL 28, 1973.
No. 207.
Judicial Panel on Multidistrict Litigation.
August 15, 1975.
*1401 Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM[*], EDWARD WEINFELD, EDWIN A. ROBSON[*], WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WIEGEL, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.

I. Background of the Litigation
On April 28, 1973, a day-long series of explosions shook the city of Roseville, California. The explosions, which were caused by the accidental detonation of a train of bomb-laden boxcars, resulted in personal injuries, heavy damage to real and personal property and the evacuation of approximately 35,000 people.
According to our records, 71 actions arising from the explosions are currently pending in three federal district courts: 65 in the Eastern District of California, five in the District of Nevada and one in the Central District of California. In addition, several actions are pending in California state courts.
Seventy of the federal actions involve claims for damages in the aggregate exceeding $70 million, while the remaining federal action involves a claim for injunctive relief. The plaintiffs in these actions are individuals, businesses and government bodies who allegedly sustained damages as a result of the explosions and insurers who have paid claims arising out of the explosions. The major defendants are the United States of America (maker and owner of the bombs), the Southern Pacific Transportation Company (owner of the train and railroad yard where the detonations occurred) and Pullman-Standard Division of Pullman, Inc. (maker of the boxcars). In one action, Southern Pacific Transportation Co. v. United States of America, D.Nevada, Civil Action No. Civ. R-74-16-BRT, two of these defendants are contesting the issues of liability, indemnification and contribution.

II. Proceedings Before the Panel

Every federal action is before the Panel for Section 1407 consideration as a result of a motion filed on behalf of plaintiffs in fifteen actions and a show cause order issued by the Panel. The moving plaintiffs urge the Panel to transfer all the actions to the Eastern District of California or, in the alternative, the District of Nevada. Although the Panel received a number of responses from certain plaintiffs either partially or totally opposing the motion, counsel for movants stated during oral argument before the Panel that he was authorized to advise us that all plaintiffs except those in three actions now favor transfer to the Eastern District of California. Defendants United States and Southern Pacific support transfer to that district of all actions except one. Defendant Pullman totally opposes transfer.
We find that these actions involve common questions of fact and that their transfer to the Eastern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S. *1402 C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

III. Arguments of the Parties Partially or Totally Opposing the Motion

Although both Southern Pacific and the United States admit the existence of numerous common questions of fact among all these actions, they oppose transfer of the Southern Pacific action. They contend that discovery is more advanced in Southern Pacific than in the other actions; that the action will be ready for trial in early 1976; and that its prompt resolution will settle the liability issues between the two primary defendants, which, in turn, will lead to the most expeditious termination of the rest of the litigation. These parties voice the fear that transfer of Southern Pacific will unnecessarily hinder its progress to the detriment of the entire litigation and they suggest that the pretrial proceedings in this action would be delayed by the presence of additional counsel. In addition, Southern Pacific and the United States argue that many of the benefits of transfer are contained in their proposed stipulation that all discovery accomplished in Southern Pacific may be used in any other action relating to these bomb explosions. Southern Pacific even stipulated at the Panel hearing that it will be bound by any adverse decision in Southern Pacific on the issue of liability and that thereafter the only remaining issue in other actions will be the amount of damages sustained by each plaintiff.
Pullman opposes any transfer under Section 1407 and argues that no common factual issues exist, insofar as Pullman is concerned, because the actions in which it is named as a defendant are founded upon legal theories different from those asserted against the other defendants. Pullman maintains that it should not be drawn into complex litigation involving over 70 actions when it is a party in only nine of these actions. Also, it contends that transfer would interfere with the rapid adjudication of all actions, would cause Pullman to incur unnecessary expenses and would not prevent duplicative discovery.
The three plaintiffs who oppose transfer argue that the best alternative is to wait for the resolution of Southern Pacific and then proceed individually on the question of damages.

IV. The Question of Transfer

We are persuaded that all the actions in this litigation, including Southern Pacific, belong in a single district for coordinated or consolidated pretrial proceedings under Section 1407. As all parties except Pullman recognize, every action shares common factual issues inasmuch as they all arose out of a single disaster and contain many similar allegations with respect to the liability of defendants. Although we realize that discovery in Southern Pacific is at a significantly more advanced stage than in the other actions, both of the parties in that action concede that more discovery is required before the action is ready for trial. Hence, the uncompleted discovery therein can be accomplished under the direction of the transferee judge to the benefit of the entire litigation. And in case the parties are unable to effectuate a stipulation that the discovery heretofore completed in Southern Pacific may be used in all other actions, the transferee judge may take measures to make such discovery applicable to those actions by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, § 3.11 (rev. ed. 1973). Thus, transfer of all actions to a single district will ensure the prevention of duplicative discovery and also eliminate the possibility of conflicting pretrial rulings. In addition, we do not perceive any harm that defendant Pullman will suffer by a Section 1407 transfer since the actions in which it is named as a defendant are already pending in the transferee district.
Transfer under Section 1407 will have the salutary effect of placing all actions *1403 before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole, especially regarding the processing of Southern Pacific in relation to the rest of the litigation. See In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378, 1384 (Jud.Pan.Mult.Lit.1974). Too, a single judge with an overall perspective of the entire litigation will be able to formulate a pretrial schedule that will minimize the overall expense to the parties and avoid the delay feared by the defendants. For example, the transferee judge can order the parties to conduct discovery through lead and liaison counsel, thereby resulting in streamlined pretrial proceedings that will accrue to the advantage of everyone concerned. See Manual for Complex Litigation, Part I, §§ 1.90-1.93 (rev. ed. 1973).
When Southern Pacific is, in fact, ready for trial, the transferee judge may suggest that the Panel remand the action to the District of Nevada, see R.P. J.P.M.L. 11, 65 F.R.D. 253, 260-63 (1975), or the transferee judge may, if he deems it appropriate, transfer the action for all purposes to the transferee or other district under 28 U.S.C. §§ 1404(a) or 1406, see Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971).

V. Selection of the Transferee District

Clearly, the Eastern District of California is the most appropriate transferee forum for this litigation. A vast majority of the actions are already pending in that district. And much of the discovery will occur there because it is the situs of the explosions and the residence of many of the parties and witnesses. Moreover, Chief Judge Thomas J. MacBride, to whom most of the actions in the Eastern District of California are assigned, has become acquainted with the issues involved in this litigation, which will enable him to supervise it toward its most just and expeditious conclusion. Furthermore, since several actions are pending in California state courts, transfer of all federal actions to California will provide an opportunity for the federal and California state courts to coordinate the discovery efforts in the two jurisdictions and thereby greatly facilitate the processing of the various actions arising out of the explosions. See In re Air Crash Disaster Near Silver Plume, Colorado, on October 2, 1970, 352 F.Supp. 968, 969 (Jud.Pan.Mult.Lit.1972); cf. In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F.Supp. 1394, 1395-96 (Jud.Pan.Mult.Lit.1973).
It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Eastern District of California be, and the same hereby are, transferred to the Eastern District of California and, with the consent of that court, assigned to the Honorable Thomas J. MacBride for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

 SCHEDULE A
 Central District of California
Los Angeles By-Products Co. Civil Action
v. United States of America No. Civ. 75-886-AAH
 District of Nevada
John Bracy, et al. v. United Civil Action
States of America, et al. No. R75-10-BRT
Southern Pacific Transportation Civil Action
Co. v. United States of No. R74-16-BRT
America
The Old Republic Insurance Civil Action
Co. v. United States of America No. R-75-15-BRT
Safeway Stores, Inc. v. United Civil Action
States of America No. R-75-22-BRT
Martin Bechtel, et al. v. United Civil Action
States of America No. R-75-35-BRT
 Eastern District of California
Allstate Insurance Co., et al. Civil Action
v. United States of America, No. Civ. S74-722
et al.
Pedro Ayala, et al. v. United Civil Action
States of America, et al. No. Civ. S74-172
Martin Bechtel, et al. v. United Civil Action
States of America, et al. No. Civ. S74-599
Charles L. Bobbitt, et al. v. Civil Action
United States of America, et No. Civ. S74-111
al.

*1404
Margarito S. Chavez v. Southern Civil Action
Pacific Transportation No. Civ. S74-78
Co.
Margarito S. Chavez v. United Civil Action
States of America No. Civ. S74-681
Nina D. Compo, etc. v. United Civil Action
States of America No. Civ. S74-724
Karel Harrod, et al. v. United Civil Action
States of America No. Civ. S75-156
George A. Leggett v. Southern Civil Action
Pacific Transportation Co. No. Civ. S3005
National American Insurance Civil Action
Co. of Omaha, et al. v. United No. Civ. S74-632
States of America, et al.
Joseph M. Pujals, et al. v. Civil Action
Southern Pacific Transportation No. Civ. S-2911
Co., et al.
Reserve Insurance Co. v. United Civil Action
States of America No. Civ. S75-84
Sentry Insurance Co. v. United Civil Action
States of America, et al. No. Civ. S75-180
Darla Mae Walker v. Southern Civil Action
Pacific Transportation Co. No. Civ. S74-128
John Belche, et al. v. The Civil Action
United States of America, et No. Civ. S74-148
al.
James B. Adams, et al. v. Civil Action
United States of America, et No. Civ. S74-268
al.
Norman Edwards v. The United Civil Action
States of America, et al. No. Civ. S74-211
Robert A. Durgin, et al. v. Civil Action
United States of America, et No. Civ. S74-124
al.
Marion Louise Campos v. United Civil Action
States of America, et al. No. Civ. S74-170
Myron L. Fulkerson, et al. v. Civil Action
United States of America, et No. Civ. S74-171
al.
Unigard Insurance Group v. Civil Action
Southern Pacific Transportation No. Civ. S74-551-TJM
Co., et al.
Pacific Gas & Electric Co. v. Civil Action
United States of America, et No. Civ. S74-731-PCW
al.
A. J. Labruzzo v. United Civil Action
States of America, et al. No. Civ. S74-661-TJM
Ohio Casualty Insurance Co., Civil Action
et al. v. Southern Pacific Railroad, No. Civ. S74-734-TJM
et al.
Antonio C. Bermudez, Jr., et Civil Action
al. v. Southern Pacific Transportation No. Civ. S74-733-TJM
Co., et al.
Philip L. Ott & Son, Inc. v. Civil Action
United States of America, et No. Civ. S75-35-TJM
al.
Doyle Brown v. United States Civil Action
of America, et al. No. Civ. S74-149
People of the State of California, Civil Action
etc. v. The United No. Civ. S75-15-TJM
States of America, et al.
Mission Insurance Co. v. United Civil Action
States of America, et al. No. Civ. S74-716
Herman Klein, et al. v. United Civil Action
States of America, et al. No. Civ. S75-143-TJM
United Services Automobile Civil Action
Assn., et al. v. United States No. Civ. S75-20-PCW
Department of Navy, et al.
Charles Sales, Jr. v. The Civil Action
United States of America, et No. Civ. S74-703-TJM
al.
Leora M. Farmer v. Southern Civil Action
Pacific Railroad Co., et al. No. Civ. S74-169
Noni Seeger, et al. v. The Civil Action
United States of America, et No. Civ. S75-186-TJM
al.
Laurel Stizzo v. United States Civil Action
of America, et al. No. Civ. S75-260
The American Star Ins. Co., Civil Action
etc. v. United States of America, No. Civ. S75-253-TJM
et al.
Robert T. Baker, et al. v. Civil Action
The United States of America, No. Civ. S74-178-TJM
et al.
George N. Spurr, et al. v. Civil Action
The United States of America, No. Civ. S75-115-TJM
et al.
Bessie Sutter v. The United Civil Action
States of America, et al. No. Civ. S75-116-TJM
Richard Eugene Todd, et al. Civil Action
v. The United States of America, No. Civ. S75-214-TJM
et al.
Jo Ellen Nordyke v. The United Civil Action
States of America, et al. No. Civ. S75-215-TJM
Annie Barca v. The United Civil Action
States of America, et al. No. Civ. S75-216-TJM
George G. Barca, et al. v. Civil Action
The United States of America, No. Civ. S75-213-TJM
et al.
Teresa Urban v. United States Civil Action
of America, et al. No. Civ. S74-562
Juanita Blount v. United Civil Action
States of America, et al. No. Civ. S74-563
Irene Anderson, et al. v. The Civil Action
United States of America No. Civ. S74-177
Mary N. Davidson, et al. v. Civil Action
United States of America No. Civ. S74-672-TJM
David Dashnaw, et al. v. The Civil Action
United States of America, et No. Civ. S74-176
al.
Herman L. Perkins, et al. v. Civil Action
Southern Pacific Transportation No. Civ. S74-146
Co., et al.
Herman L. Perkins, et al. v. Civil Action
The United States of America, No. Civ. S74-147
et al.
Leota F. Odle, et al. v. The Civil Action
United States of America, et No. Civ. S74-165
al.
Doyle B. James, et al. v. Civil Action
Southern Pacific Railroad Co., No. Civ. S74-163
et al.
Doyle B. James, et al. v. The Civil Action
United States of America, et No. Civ. S74-164
al.
Oscar B. Williams, et al. v. Civil Action
Southern Pacific Railroad Co., No. Civ. S74-168-TJM
et al.

*1405
Oscar B. Williams, et al. v. Civil Action
The United States of America, No. Civ. S74-167
et al.
Oma A. James v. The United Civil Action
States of America No. Civ. S74-175
Bonnie L. Worthington v. Civil Action
Southern Pacific Transportation No. Civ. S74-174-TJM
Co., et al.
Irving Gum v. The United Civil Action
States of America No. Civ. S74-607-TJM
Ruby Elaine Underwood v. Civil Action
Southern Pacific Transportation No. Civ. S74-173-TJM
Co., et al.
Barbara Ann Ashburn v. Civil Action
Southern Pacific Transportation No. Civ. S74-162
Co., et al.
Northwestern National Insurance Civil Action
Group, et al. v. United No. Civ. S75-50-TJM
States of America
Barbara E. Compton v. The Civil Action
United States of America, et No. Civ. S74-179
al.
County of Sacramento, etc. v. Civil Action
United States of America, et No. Civ. S74-538-TJM
al.
Mary D. Bennett v. United Civil Action
States of America, et al. No. Civ. S74-561
Leota F. Odle, et al. v. Civil Action
Southern Pacific Railroad No. Civ. S74-166
Co., et al.

NOTES
[*] Although Judges Wisdom, Robson and Becker were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.