**In re SUNDSTRAND DATA CONTROL, INC. PATENT LITIGATION.**

**No. 317.**

Judicial Panel on Multidistrict Litigation.

Jan. 27, 1978.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

This litigation consists of five actions pending in four federal districts: *American* and *Litton,* which have been consolidated in the Northern District of Oklahoma, and one action each in the Southern District of Florida, the Northern District of Illinois and the Northern District of Iowa.

Sundstrand Data Control, Inc. (SDC) is a party in all actions, and its parent is also a party in some of the actions. At issue in the five actions is the validity of certain SDC patents on components of a ground proximity warning system. The system gives audible warnings to the crew of an aircraft with respect to certain predetermined and potentially hazardous relationships between the aircraft and the ground. The same eight patents are involved in the Florida, Illinois and Iowa actions. Seven of those eight patents are also involved in *American.* The complaint in *Litton* questions the validity of fourteen patents, seven of which are also challenged in the Florida, Illinois and Iowa actions, and six of which are involved in *American.*

*American* and the Florida and Illinois actions were each filed on November 11, 1976, by SDC against manufacturers of competing ground proximity warning systems and/or airline users of competing systems. SDC alleges patent infringement in each complaint, and seeks damages and injunctive relief.

* Judge Lord took no part in the decision of this matter.

Defendants in their answers in the Illinois action have denied patent infringement and have asserted the affirmative defenses of invalidity and unenforceability of the patents, inequitable conduct by SDC in willfully withholding from the Patent Office information relevant to patentability, and patent misuse by violating the antitrust laws in the market for ground proximity warning systems. Further, defendants alleged that in 1974–75, SDC failed to disclose to the Federal Aviation Administration (FAA) that SDC had filed or intended to file patent applications relating to ground proximity warning systems and that, by so doing, SDC misled the FAA to enact regulations requiring the use of ground proximity warning systems on commercial aircraft. Defendants allege that the FAA would otherwise not have enacted those regulations because of a policy against forcing airlines to purchase equipment from a single supplier. As a result of this conduct, defendants charge, SDC is now estopped from claiming patent infringement. Defendants make similar allegations by affirmative defense and/or counterclaim in *American* and in the Florida action.

*Litton* was commenced on December 3, 1976, by a manufacturer of a ground proximity warning system that was sold to the defendant in *American.* The plaintiff in *Litton* seeks declaratory relief against SDC, alleging the unenforceability and invalidity of, and plaintiff's non-infringement upon, SDC's patents. Plaintiff charges SDC with violations of the federal antitrust laws by monopolizing and attempting to monopolize ground proximity warning systems for commercial aircraft. Plaintiff also accuses SDC of unfair competition with respect to the systems. Finally, plaintiff raises estoppel arguments similar to those raised by defendants in the Illinois action relating to SDC's conduct before the FAA.

The Iowa action was brought against SDC on June 27, 1977, by a manufacturer of ground proximity warning systems and by the defendants in the Illinois action. Plaintiffs' complaint is substantially similar to the affirmative defenses raised in the Illinois action.

Pursuant to 28 U.S.C. § 1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258–59 (1975), the Panel issued an order to show cause why these five actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[1] All parties favor transfer under Section 1407, and the only disagreement centers on the selection of the transferee forum. SDC and its parent favor the Southern District of Florida, while all remaining parties favor transfer of at least part of all the actions to the Western District of Washington.

We find that these actions involve common questions of fact and that their transfer to the Western District of Washington under Section 1407 for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All parties recognize and we agree, that this litigation involves common factual questions regarding the validity of several SDC patents, and that transfer is therefore necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings and otherwise conserve time and effort for the parties, the witnesses and the judiciary. *See In re FMC Corporation Patent Litigation,* 422 F.Supp. 1163, 1165 (Jud.Pan. Mult.Lit.1976).

SDC and its parent, in opposing transfer to the Western District of Washington, rely on the Panel's traditional reluctance to transfer a group of actions to a forum in which no related action is pending. These parties argue that judicial manpower would be wasted if the transferee judge's expertise gained in conducting pretrial activities could not be put to use in the trial of at least one of the actions. SDC and its parent contend that discovery will occur in many places other than the Western District of Washington, and that the civil case-

---

1. Certain parties moved the Panel to include in the centralized pretrial proceedings a sixth action, then pending in the Western District of Washington, but that action was remanded to Washington state court prior to the hearing on this matter.

load in that district is much heavier than in other potential transferee forums. In support of the Southern District of Florida as the transferee forum, SDC and its parent maintain that the civil caseload is lighter in that district than in any other district in which an action is pending. These parties also contend that pretrial in the Southern District of Florida is slightly ahead of pretrial in any other district and that transfer there would enhance the likelihood of bringing all the actions quickly to trial. Should the Panel conclude that transfer to the Southern District of Florida is inappropriate, SDC and its parent alternatively urge the Northern District of Illinois as the transferee forum because of its central location, because SDC's parent is headquartered in that district and because all defendant airlines do business there.

We find these arguments unpersuasive. While it is true that we have been reluctant to select as a transferee forum a district in which no related action is pending, see, e. g., In re Air Crash Disaster Near Papeete, Tahiti, 397 F.Supp. 886, 887 (Jud.Pan.Mult. Lit.1975), the source of our traditional restraint has not been jurisdictional. We have emphasized that under appropriate circumstances we would order transfer of a group of actions to a district in which none of the constituent actions is pending, see In re Cement and Concrete Antitrust Litigation, 437 F.Supp. 750, 753 (Jud.Pan.Mult. Lit.1977), and we conclude that such circumstances are present in the litigation now before us.

None of the districts in which actions are pending offers a strong nexus to the common factual questions in this litigation, and little discovery on those issues could be expected to occur in any of them. Nor, by counsel for SDC's admission at the hearing on this matter, could pretrial proceedings be characterized as significantly further advanced in any one particular district. Transcript at 8. The Western District of Washington, however, has a substantial connection to the common factual questions raised in the litigation. SDC's principal place of business is located in that district, and it is undisputed that many of the ground prox-imity warning system's chief inventors reside there. Additionally, it appears that records relating to flight tests of SDC's ground proximity warning system are located at the FAA's regional office in Seattle. All parties also agree that discovery regarding the development of the ground proximity warning system will be taken from the Boeing Company, an aircraft concern which is headquartered in the Western District of Washington, as well as from SDC. Thus, we are persuaded that most of the relevant documents and witnesses on the central issue of the validity of SDC's patents are located in the vicinity of that district. Moreover, several parties represent that significant common discovery on antitrust issues involved in this litigation will also focus on SDC documents and employees found in the Seattle area. Finally, since certain parties maintain that the action now pending in Washington state court is related to the federal actions, that action could, if appropriate, be coordinated with the federal actions. This possibility of promoting state/federal coordination is another factor favoring the selection of the Western District of Washington. See In re Bomb Disaster at Roseville, California, on April 28, 1973, 399 F.Supp. 1400, 1403 (Jud. Pan.Mult.Lit.1975).

■ Some of the parties favoring transfer to the Western District of Washington contend that the possibility of trade secret disclosure and other burdens on the parties in connection with discovery on non-common issues is so great as to warrant suspension of that discovery until the actions are remanded to their transferor districts. These parties urge the Panel to impose such a limitation in its transfer order. Similarly, defendants in the Florida action have requested that the Panel confine Section 1407 proceedings in the Western District of Washington to issues which would involve documentary or depositional discovery in the Seattle area. These requests are misdirected, for the Panel has neither the power nor the inclination to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings are to be conducted by the transferee judge. The scope

of those proceedings, including the extent to which discovery is permitted, is a matter exclusively within the control of the transferee judge. *See In re Plumbing Fixtures Litigation,* 298 F.Supp. 484, 489 (Jud.Pan. Mult.Lit.1968).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable James M. Fitzgerald, sitting by designation pursuant to 28 U.S.C. § 292(b), for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

| Southern District of Florida | Civil Action No. |
|---|---|
| Sundstrand Data Control, Inc. v. The Bendix Corp., et al. | 76–6485–CIV–JE |
| **Northern District of Illinois** | |
| Sundstrand Data Control, Inc. v. Allegheny Airlines, Inc., et al. | 76C4123 |
| **Northern District of Iowa** | |
| Rockwell International Corp., et al. v. Sundstrand Data Control, Inc. | C77–44 |
| **Northern District of Oklahoma** | |
| Sundstrand Data Control, Inc. v. American Airlines, Inc., et al. | 76–C–564–C |
| Litton Systems, Inc. v. Sundstrand Data Control, Inc. | 77–C–134–C |