406 F.Supp. 540 (1975)
In re A. H. ROBINS CO., INC. "DALKON SHIELD" IUD PRODUCTS LIABILITY LITIGATION.
No. 211.
Judicial Panel on Multidistrict Litigation.
December 8, 1975.
As Corrected December 8, 1975.
Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.

I. Background of the Litigation

The Dalkon Shield is an intrauterine contraceptive device that was invented in 1968. It was clinically tested from September 1968 to November 1969, at which time it was commercially introduced to the medical profession by the Dalkon Corporation. On June 12, 1970, the A. H. Robins Co., Inc. (Robins), a manufacturer and distributor of pharmaceuticals and other products, acquired all rights to the Dalkon Shield. Robins then initiated its own program to test the product and simultaneously began to market it. Between June 12, 1970, and June 28, 1974, approximately 2.2 million Dalkon Shields were inserted in women in the United States. On the latter date, Robins voluntarily suspended distribution of the Dalkon Shield.
A Dalkon Shield could be inserted only by a physician, who normally obtained the device from a surgical supply house. Each Dalkon Shield package contained labeling instructions and materials that described its advantages and disadvantages. It was the physician's responsibility to explain to the prospective wearer these advantages and disadvantages and, if the decision was made to have the Dalkon Shield inserted, to perform certain preliminary fitting procedures outlined in the labeling instructions.
During the years in which the Dalkon Shield has been utilized, a number of women have had adverse reactions to the device. Robins informs us that 286 actions involving the Dalkon Shield are currently pending, 94 actions in 35 federal *541 district courts and 192 actions in state courts.
The plaintiffs in the federal actions have alleged that the Dalkon Shield caused them to sustain various injuries, including perforation of the uterus, infections of the reproductive organs, pregnancy, spontaneous abortion, fetal injuries, cancer of the uterus, maternal blindness and loss of consortium. Although not named in every action, the defendants include Robins; its personnel; other companies and their personnel involved in the manufacture, distribution and testing of the Dalkon Shield; and local physicians, clinics and hospitals. Plaintiffs are proceeding on legal theories that differ from action to action. One legal theory is that defendants were negligent in the design, testing, manufacture, inspection or distribution of the Dalkon Shield. Another theory is that Robins' promotion and labeling were misleading and failed to warn the prospective wearer of the dangers of the Dalkon Shield.
Discovery has begun in some of the actions and has progressed to various stages of completion. In addition, one action has gone to trial in a Kansas state court and judgment has been entered against Robins.

II. Proceedings Before the Panel

Fifty-four actions pending in 22 different districts are before the Panel for Section 1407 consideration as a result of a show cause order issued by the Panel.[1] Defendant Robins favors transfer to the Eastern District of Virginia. Plaintiffs in one action support transfer to the Northern District of Illinois or, in the alternative, to a federal district court in Kansas or Michigan. While a few other plaintiffs favor transfer, most of the other responding parties oppose transfer. Some of these opponents of transfer present arguments in the alternative: plaintiffs in thirteen actions support transfer to the District of Kansas at Wichita; plaintiffs in one action suggest transfer to a federal district court in the Kansas City metropolitan area; plaintiffs in four actions request transfer to the District of Kansas, the Northern District of Illinois or the Southern District of Indiana; and the defendant in one action urges that the claims of plaintiffs against it be separated and remanded to the District of the District of Columbia.
We find that these actions involve common questions of fact and that their transfer to the District of Kansas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

III. Arguments of the Parties

Defendant Robins argues that every action shares common factual issues relating to what it did or did not do, knew or did not know and told or did not tell with respect to the design, testing, manufacture, inspection, distribution, promotion and labeling of the Dalkon Shield. It stresses that discovery is at an early stage in all but a few actions and that transfer of all actions to a single district will eliminate the possibility of duplicative discovery and conflicting pretrial rulings. Moreover, it contends that the net savings to many parties and the courts more than offsets any inconvenience which some of the parties may suffer. Robins argues that the Eastern District of Virginia is the most appropriate transferee district because all of its relevant documents and most of the important witnesses are in Richmond. Thus, it asserts that most of the discovery will occur there. Also, it points out that the docket of the Eastern District of Virginia is current.
*542 Most of the other responding parties argue that transfer is inappropriate because the questions of fact in each action are unique and only questions of law predominate. They maintain that the difference in factual issues arises from the presence of different defendants, different injuries, different dates of injury, different warning labels and different legal theories. In addition, some of these parties contend that transfer will not serve the convenience of most of the parties and witnesses, but will serve the convenience of only defendant Robins. Plaintiffs in nine actions oppose transfer because they believe that their actions are well along in discovery and that transfer will unnecessarily delay their resolution.
A number of plaintiffs who oppose transfer present alternative arguments. Should the Panel decide to transfer all actions, plaintiffs in thirteen actions would favor transfer to the District of Kansas at Wichita because it is the geographical center of the nation and the jurisdiction in which the greatest number of federal actions are pending. Plaintiffs in four other actions suggest that the District of Kansas, the Northern District of Illinois or the Southern District of Indiana would be an appropriate transferee district because each of these districts is geographically central, each is familiar with the nature of the litigation and each has actions pending that are well advanced in discovery.

IV. The Question of Transfer

We are persuaded that all the actions in this litigation belong in a single district for coordinated or coordinated pretrial proceedings under Section 1407. Although we recognize that the actions differ in certain respects, an analysis of the complaints reveals a commonality of factual issues concerning the design, testing, manufacture, labeling and inspection of the Dalkon Shield. Indeed, during oral argument before the Panel, the lead spokesman for the opponents of transfer conceded that all actions share common factual questions relating to the design of the contraceptive. Thus, transfer of all actions to a single district is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings. Any discovery unique to a particular defendant, action or claim can be scheduled by the transferee judge to proceed concurrently with the common discovery, which will allow the litigation to proceed expeditiously in all areas. See In re Republic National-Realty Equities Securities Litigation, 382 F.Supp. 1403, 1405-06 (Jud. Pan.Mut.Lit.1974).
Transfer under Section 1407 will have the salutary effect of placing all actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole. Also, a single judge with an overall perspective of the entire litigation will be able to formulate a pretrial schedule that will minimize the overall expense to the parties and avoid the delay feared by the plaintiffs who assert that their actions are at an advanced stage of discovery. If and when an action or claim is, in fact, ready for trial, the transferee judge may suggest that the Panel remand the action to its transferor district. See R.P.J.P.M.L. 11, 65 F.R.D. 253, 260-63 (1975). Moreover, any discovery heretofore completed may be made applicable to all actions by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, § 3.11 (rev. ed. 1973).

V. Selection of the Transferee District

We are reluctant to transfer this litigation to the Eastern District of Virginia because no actions are pending there. See In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973, 397 F. Supp. 886, 887 (Jud.Pan.Mut.Lit.1975). Instead, on balance, we believe that the District of Kansas is the most appropriate transferee forum for this litigation. *543 More actions are pending in that district than in any other federal district. And since this litigation is nationwide, the geographically central location of Kansas is another factor. See In re Government Auto Fleet Sales Antitrust Litigation, 328 F.Supp. 218, 220 (Jud.Pan.Mut.Lit. 1971).
It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

 SCHEDULE A
 Northern District of Alabama
Audrey Johnson, etc. v. A. H. Civil Action
Robins Co., et al. No. CA-75-M-39S
Mickey L. Johnson v. A. H. Civil Action
Robins Co., et al. No. CA-75-M-38S
Pamela G. Wheless v. A. H. Civil Action
Robins Co., et al. No. CA-74-H-1219S
Michael E. Wheless v. A. H. Civil Action
Robins Co., et al. No. CA-74-H-1218S
 Central District of California
Margaret Staffeld v. A. H. Civil Action
Robins Co., et al. No. CV75-105-WMB
 Northern District of California
Verna Hoyt v. A. H. Robins Civil Action
Co. No. C-74-2362-GBH
 Eastern District of California
Donald S. Rennie, et ux. v. Civil Action
A. H. Robins Co., et al. No. Civ. 574-43
 District of Kansas
Edwina Willoughby, et al. v. Civil Action
A. H. Robins Co., Inc. No. 75-30-C6
Mary Ann Gliem, et al. v. Civil Action
Theodore George, M.D., et al. No. 74-126-C2
Kathleen Faye Hodgson v. A. Civil Action
H. Robins Co., Inc. No. 75-65-C6
O'Ruth Sisk Petterson, et al. Civil Action
v. A. H. Robins Co., Inc. No. 75-17-C6
Virginia M. Shakal, et al. v. Civil Action
A. H. Robins Co., Inc. No. 75-58-C6
Mary Jane Boyd v. A. H. Civil Action
Robins Co., Inc. No. 75-72-C6
Patti J. Newman v. A. H. Civil Action
Robins Co., Inc. No. 75-81-C6
Rachel Kay Mullikin v. A. H. Civil Action
Robins Co., Inc. No. 75-89-C6
Judy D. Selig, et al. v. A. Civil Action
H. Robins Co., Inc. No. 75-92-C6
Jesse N. Stephens, et al. v. Civil Action
A. H. Robins Co., Inc. No. 75-100-C6
Valorie Jean Fleming v. A. Civil Action
H. Robins Co., Inc. No. 75-105-C6
JoAnn Tomsic, et al. v. A. H. Civil Action
Robins Co., Inc. No. 75-116-C6
Ann K. Suziedelis, et al. v. Civil Action
A. H. Robins Co., Inc. No. 75-119-C6
Linda Barman v. A. H. Robins Civil Action
Co., Inc. No. 75-123-C6
George Kempton v. A. H. Civil Action
Robins Co., Inc. No. 75-55-C6
Jeannine M. Cobb, et al. v. Civil Action
A. H. Robins Co., Inc. No. 75-54-C6
 District of Maryland
Kristine Michael, et al. v. A. Civil Action
H. Robins Co. No. H74-1158
 District of Massachusetts
Roland Beaudet, etc. v. A. Civil Action
H. Robins Co., Inc. No. 74-2771-T
Emily A. Samuels v. A. H. Civil Action
Robins Co., Inc. No. 74-5344-S
Maura Bliven v. A. H. Robins Civil Action
Co., Inc. No. 75-808-S
Janice G. Minutelli v. A. H. Civil Action
Robins Co. No. 74-5683-F
 District of Montana
Margaret-Ane Ferguson v. A. Civil Action
H. Robins Co., Inc. No. CV 75-32-M
 District of New Jersey
Nancy Fauquier, et al. v. A. Civil Action
H. Robins Co. No. Civil-74-1408
 Eastern District of New York
Sharon A. Johnson, et al. v. Civil Action
A. H. Robins Co. No. 74C-1601-TCP
Laura Reifman, et al. v. A. Civil Action
H. Robins Co. No. 75C-698
Eastern District of Pennsylvania
Sandra Meoli, et al. v. A. Civil Action
H. Robins Co. No. 74-2889
Carmen Byerly, et al. v. A. Civil Action
H. Robins Co. No. 74-2516
 Northern District of Ohio
Alice Dolan, et al. v. A. H. Civil Action
Robins Co. No. C75-37
Kathleen Ann Crea, et al. v. Civil Action
A. H. Robins Co. No. C75-106
 Southern District of Ohio
Allen Nichol, et ux. v. A. H. Civil Action
Robins Co., Inc. No. C2-75-304
Pamela Y. Gillespie v. A. H. Civil Action
Robins Co., et al. No. C2-74-343
Karlene F. Loconti, et al. v. Civil Action
A. H. Robins Co. No. C2-75-307

*544
 Northern District of Texas
Margarite Ann Mouracade v. Civil Action
A. H. Robins Co., Inc. No. CA4-74-217
Delila Louise Caddell v. A. Civil Action
H. Robins Co., et al. No. 75-0516
 Northern District of Georgia
Sherrill Marie Little v. A. H. Civil Action
Robins Co., Inc. No. 74-62-G
Mrs. Rebecca S. Hooker v. Civil Action
A. H. Robins Co., Inc. No. 75-26-G
 Northern District of Illinois
Nancy L. Lawrenz, et al. v. Civil Action
A. H. Robins Co., Inc., et al. No. 75-1312
 Southern District of Indiana
Lee K. Marshall, et al. v. A. Civil Action
H. Robins Co., et al. No. IP73-C-594-C
Sylvia Reinking v. Dr. Phillip Civil Action
Eskew, et al. No. IP74-188-C
Kathleen Fierek, et al. v. A. Civil Action
H. Robins Co., Inc., et al. No. IP75-178-C
Anne Huguenard v. A. H. Civil Action
Robins Co., Inc., et al. No. IP75-222-C
 Eastern District of Michigan
Ariste N. Mimikos, et al. v. Civil Action
A. H. Robins Co. No. 75-70582
Middle District of Pennsylvania
Kathryn E. Foley, et al. v. Civil Action
A. H. Robins Co., Inc., et al. No. Civ. 75-284
 District of South Carolina
Harriett W. Cromer v. A. H. Civil Action
Robins Co., Inc. No. 75-640
 District of Colorado
Christie McDougal v. A. H. Civil Action
Robins Co. No. 75-353
District of District of Columbia
Ana A. Langeberg, et al. v. Civil Action
A. H. Robins Co., Inc., et al. No. 75-0721

NOTES
[*] Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.
[1] Eleven additional actions that were included in the show cause order have been dismissed by the courts before which they were pending. The remaining federal actions came to our attention too late to be included in the show cause order and, as a result, will be treated as tag-along actions pursuant to R.P.J.P.M.L. 9 and 10, 65 F. R.D. 253, 259-60 (1975).