# In re SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION.

## No. 330.

Judicial Panel on Multidistrict Litigation.

Feb. 28, 1978.

As Corrected March 21, 1978.

Before JOHN MINOR WISDOM *, Chairman, and EDWARD WEINFELD *, EDWIN A. ROBSON *, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

### I. *Background of the Litigation*

This litigation presently consists of 26 actions pending in seventeen federal districts. The distribution of the actions is as follows:

| | |
|---|---|
| Northern District of Alabama | 5 |
| Northern District of California | 2 |
| Eastern District of California | 2 |
| Southern District of New York | 2 |
| District of Minnesota | 2 |
| District of Hawaii | 2 |
| Northern District of New York | 1 |
| Northern District of Oklahoma | 1 |
| Northern District of Ohio | 1 |
| Southern District of Florida | 1 |
| Western District of Michigan | 1 |
| Eastern District of Missouri | 1 |
| Eastern District of Pennsylvania | 1 |
| Middle District of Tennessee | 1 |
| District of Colorado | 1 |
| District of Arizona | 1 |
| District of Vermont | 1 |

These actions involve claims for personal injuries or wrongful death resulting from administration of swine flu vaccinations under the National Swine Flu Immunization Program of 1976, 42 U.S.C. § 247b(j)–(*l*). The legislation provided that the United States would assume exclusive liability, with certain limitations, for all personal injuries or deaths resulting from manufacture, distribution or administration of vaccine under the swine flu program. 42 U.S.C. § 247b(k). The legislation further provided that, with certain modifications, the customary procedures for filing tort claims against the United States must be followed. *Id.* Those procedures require a claimant to file a written notice of claim with the United States and, if the claim is not resolved within six months, it is deemed to have been disallowed and the claimant is entitled to file suit in federal court on the claim. 28 U.S.C. § 2675. The present actions allegedly have been filed after compliance with those procedures.

The United States is the sole defendant in all except two of the actions.[1] Plaintiffs in the actions generally allege that the swine flu vaccine was improperly devel-

---

* Judges Wisdom, Weinfeld and Robson took no part in the decision of this matter.

1. In one of the Alabama actions (*Jarrett*), four pharmaceutical manufacturers that participated in the swine flu program are also named as defendants. Plaintiff in *Jarrett* alleges that any interpretation of the statutory provisions of the swine flu program that would preclude actions against participants in the program oth- er than the United States is unreasonable and unconstitutional.

Plaintiff in one of the Southern District of New York actions (*Shiels*) alleges that while he was hospitalized in a New York hospital with injuries resulting from administration of a swine flu vaccination to him, he was allowed to fall from an x-ray table, sustaining further injuries. The New York hospital is named as a second defendant in *Shiels*.

oped, researched, tested, manufactured, marketed, distributed, promoted and administered. In particular, plaintiffs allege that the risks of injuries and neurological complications that might result from administration of the vaccine were inadequately disclosed. Liability is claimed under theories of, *inter alia,* negligence, strict liability, fraudulent misrepresentation and breach of express and implied warranties. The injuries most frequently alleged are paralysis, a particular type of paralysis known as Guillain-Barre Syndrome, loss of sensation and death. Plaintiff in the action pending in the Southern District of Florida (*Reichlin*) seeks to represent a class consisting of all individuals who have contracted Guillain-Barre Syndrome as a proximate result of having been inoculated with swine flu vaccine. The other 25 actions are individual actions.

## II. *Proceedings Before the Panel*

Pursuant to 28 U.S.C. § 1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258–59 (1975), the Panel ordered the parties to show cause why these 26 actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[2] The plaintiffs in several actions favor transfer. The United States and plaintiffs in several other actions oppose transfer. A number of different transferee forums have been suggested by the parties.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of the District of Columbia for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

## III. *The Question of Transfer*

Although the United States and some of the other parties opposing transfer recognize that these actions involve common questions of fact regarding pertinent scientific and medical data, the parties opposing transfer contend that individual factors predominate in each action. For example, they urge that the types and degrees of injuries vary; that causation varies significantly with individual factors such as age, medical history, and the amount of time that elapsed from receipt of the vaccine until the onset of injuries; that the substantive law applicable in each action will be that of the state wherein each action was filed; and that liability questions against the United States differ because in actuality the United States stands in the shoes of a number of participants in the swine flu program, including the five manufacturers of the swine flu vaccine and the numerous local groups that administered the vaccine. In addition, some opponents maintain that transfer will cause undue expense to plaintiffs of limited financial means and that, because new actions will continuously be filed, pretrial proceedings in the actions in this litigation will be in many different stages and therefore coordination or consolidation of these proceedings will be difficult.[3]

We find these arguments unpersuasive. Although we acknowledge that the swine flu actions differ in certain respects, we are persuaded that all these actions involve substantial common questions of fact concerning the development, production, testing and administration of the swine flu vaccine.

2. Another action, *Rosaleen Fergus v. The United States of America,* N.D. Illinois, Civil Action No. 77C3697, was included in the show cause order but has recently been dismissed. A motion to reconsider that dismissal is presently under consideration by the Illinois court, however. If this action is reinstated, it will be treated as a tag-along action. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

3. We are advised that over 1100 claims have been filed with the United States for injuries

allegedly resulting from the administration of vaccinations under the swine flu program, and that over 300 of these claims involve Guillain-Barre Syndrome. We are further advised that no Guillain-Barre claims have been settled by the United States. A large number of tag-along actions are therefore anticipated and, in fact, several have already been filed. Our order of December 5, 1977, directing the United States to notify the Panel of any new actions remains in effect.

Scientific knowledge concerning the efficacy of the swine flu vaccine and the potential risks involved in administration of the vaccine is relevant to all actions. Transfer is thus necessary in order to prevent duplicative discovery concerning the same documents and witnesses and to eliminate the possibility of conflicting pretrial rulings. Any discovery unique to a particular action can be scheduled by the transferee judge to proceed concurrently with the common discovery, which will allow the litigation to proceed expeditiously in all areas. *See In re Republic National-Realty Equities Securities Litigation,* 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).

The concern that transfer might be financially burdensome to plaintiffs of limited financial means is unwarranted. Transfer under Section 1407 will have the salutary effect of placing all swine flu actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole, including minimizing the overall expense to the parties. *See In re A. H. Robins, Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540, 542 (Jud.Pan.Mult.Lit. 1975). Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e. g.,* Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation,* Part I, §§ 1.90–1.93 (rev. ed. 1977). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (Jud.Pan.Mult.Lit.1974).

Nor need the parties worry about incorporating tag-along actions into the coordinated or consolidated pretrial proceedings in this litigation. The transferee judge has procedures available through which appropriate discovery already completed in earlier actions can be made applicable to actions that are later filed. *See Manual for Complex Litigation,* Parts I and II, §§ 3.11 (rev. ed. 1977). Indeed, this will be an additional benefit of transfer under Section 1407.

## IV. Selection of the Transferee District

Since this litigation is national in scope, and many actions filed in several different districts are involved, any of several districts might be an appropriate transferee forum. On balance, however, we believe that the District of the District of Columbia is the preferable transferee forum for this litigation, even though none of the actions yet filed in this litigation is pending there. Administrative control over the swine flue program was exercised by officials of the Department of Health, Education and Welfare, which is headquartered in the District of Columbia. The District of the District of Columbia therefore has a greater nexus to the principal issues involved in this litigation than any other federal district. *See In re Sundstrand Data Control, Inc. Patent Litigation,* 443 F.Supp. 1019, 1021 (Jud.Pan.Mult.Lit., filed January 27, 1978).

Although we are particularly sensitive to the arguments of certain plaintiffs for selection of a transferee district in the central part of the country in order to best facilitate the convenience of the plaintiffs, we are satisfied that the need for a central location will be minimized by optimum use of lead counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court assigned to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings.

248

## SCHEDULE A

### Northern District of Alabama

Roland Ryan v. The United States of America — Civil Action No. 77M1666S

Leevotus Cooper v. The United States of America — Civil Action No. 77P1500S

George T. Jarrett, etc. v. The United States of America, et al. — Civil Action No. 77L5051NE

Bert Moss v. The United States of America — Civil Action No. 77H1587M

Mary A. Moss v. The United States of America — Civil Action No. 77H1586M

### Northern District of California

Robert Ray Putman v. The United States of America — Civil Action No. C77-2201-RHS

Stephen Burke v. The United States of America — Civil Action No. C77-2234-SAW

### Eastern District of California

Howard Edwin Blake v. The United States of America — Civil Action No. Civ S-77-665-TJM

Albert J. Heitz v. The United States of America — Civil Action No. Civ S-77-578-TJM

### Southern District of New York

George F. Shiels v. The United States of America — Civil Action No. 77 Civ 5231

Benton Fischer v. The United States of America — Civil Action No. 77 Civ 5495

### District of Minnesota

Dorothy Burdine, etc. v. The United States of America — Civil Action No. Civ 4-77-333

Rodney J. Ganje v. The United States of America — Civil Action No. Civ 4-77-412

### District of Hawaii

Kenneth Tatsuro Hazemoto v. The United States of America — Civil Action No. 77-0264

Mark Charles Waldvogel, et al. v. The United States of America — Civil Action No. 77-0459

### Northern District of New York

Catharine M. McDonough v. The United States of America — Civil Action No. 77 CV416

### Northern District of Oklahoma

J. Don Foster v. The United States of America — Civil Action No. 77-C-465-B

### Northern District of Ohio

Mary Ellen Ivan, et al. v. The United States of America — Civil Action No. C77-229-Y

### Southern District of Florida

Celia D. Reichlin v. The United States of America — Civil Action No. 77-5892-Civ-CA

### Western District of Michigan

Kathleen Herbst, etc. v. The United States of America — Civil Action No. G77-543

### Eastern District of Missouri

Weldon Edward Pretre, etc. v. The United States of America — Civil Action No. 77-1107C(4)

### Eastern District of Pennsylvania

Arthur S. Polk, etc. v. The United States of America — Civil Action No. 77-4041

### Middle District of Tennessee

Katherine G. Wolfe, et al. v. The United States of America — Civil Action No. 77-2083-NE-CV

### District of Colorado

Scott Richard Heath v. The United States of America — Civil Action No. 77-F-1113

### District of Arizona

Jerome Katz v. The United States of America — Civil Action No. Civ 77-249-Tuc

### District of Vermont

Roger A. Mitiguy v. The United States of America — Civil Action No. 77-243