**In re SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION.***

**No. 330.**

Judicial Panel on Multidistrict Litigation.

July 5, 1978.

OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER,* Judges of the Panel.

---

* Patricia W. Childress v. United States of America, E.D.Tennessee, C.A. No. 1–77–313.

 Debra L. Gordon v. United States of America, et al. D.Oregon, C.A. No. 78–110.

PER CURIAM.

On February 28, 1978, the Panel, pursuant to 28 U.S.C. § 1407, transferred a number of actions in this litigation to the District of the District of Columbia and, with the consent of that court, assigned them to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings. *In re Swine Flu Immunization Products Liability Litigation*, 446 F.Supp. 244 (Jud. Pan.Mult.Lit.1978). Since that date, several tag-along actions have been transferred to that district or originally filed there.[1] The actions in the transferee district involve claims against the United States for personal injuries or wrongful death allegedly resulting from administration of swine flu vaccinations under the National Swine Flu Immunization Program of 1976, 42 U.S.C. § 247b(j)–(*l*). Plaintiffs in those actions generally allege that the swine flu vaccine was improperly developed, researched, tested, manufactured, marketed, distributed, promoted and administered. The injuries most frequently alleged are paralysis, a particular type of paralysis known as Guillain-Barre Syndrome, loss of sensation and death. *In re Swine Flu Immunization Products Liability Litigation, supra*, 446 F.Supp. at 246.

The first above-captioned action (Tennessee action) has been brought against the United States by an individual who alleges that while she was exiting the building in which she received a swine flu vaccination, she fainted and fell, chipping several teeth and suffering lacerations to her mouth. Like plaintiffs in some of the actions in the transferee district, plaintiff in this action alleges that defendant is liable for her injuries under theories of negligence, strict liability and breach of implied warranties.

The second above-captioned action (Oregon action) has been brought against the United States and an Oregon county by an

---

* Judge Harper took no part in the decision of this matter.

1. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

individual who alleges that she suffered severe and permanent deterioration of the muscles in her left shoulder as a result of receiving a swine flu vaccination.[2]

Since these actions appeared to share questions of fact with the previously transferred actions, the Panel entered orders conditionally transferring these actions to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district.[3] Plaintiff in each action opposes transfer of her respective action. The United States and the plaintiffs' steering committee in the transferee district favor transfer of both actions.[4]

We find . that these two actions share questions of fact with the previously transferred actions and that transfer of the two actions to the District of the District of Columbia pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff in the Tennessee action states that her action is the only pending action which is based on injuries sustained from fainting after receipt of a swine flu vaccination. Therefore, she contends, the factual and legal issues involved in her action are different from the factual and legal issues involved in all other swine flu actions. She also maintains that she could not afford to participate fully in pretrial proceedings in the transferee district.

Plaintiff in the Oregon action asserts that she lacks the financial resources to pursue her cause of action anywhere outside the State of Oregon and that she would be financially unable to enter an appearance in the District of the District of Columbia.

We find the arguments in opposition to transfer of these two actions unpersuasive. Similar arguments in opposition to transfer were presented in connection with our original consideration of this litigation. For the reasons stated in our opinion and order issued at that time, we find that transfer of these two tag-along actions is also appropriate. *See In re Swine Flu Immunization Products Liability Litigation, supra*, 446 F.Supp. 244. The following sections of that opinion are particularly instructive in the present context:

> Although we acknowledge that the swine flu actions differ in certain respects, we are persuaded that all these actions involve substantial common questions of fact concerning the development, production, testing and administration of the swine flu vaccine. Scientific knowledge concerning the efficacy of the swine flu vaccine and the potential risks involved in administration of the vaccine is relevant to all actions. Transfer is thus necessary in order to prevent duplicative discovery concerning the same documents and witnesses and to eliminate the possibility of conflicting pretrial rulings. Any discovery unique to a particular action can be scheduled by the transferee judge to proceed concurrently with the common discovery, which will allow the litigation to proceed expeditiously in all areas. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).
>
> The concern that transfer might be financially burdensome to plaintiffs of limited financial means is unwarranted. Transfer under Section 1407 will have the salutary effect of placing all swine flu actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole, including minimizing the overall expense of the parties. *See In re A. H.*

---

**2.** Although not specifically stated in the complaint in the Oregon action, plaintiff states in her brief before the Panel that her cause of action is based on strict liability.

**3.** *See* Rule 9, R.P.J.P.M.L., *supra*, 65 F.R.D. at 259–60.

**4.** All parties in these two actions waived their right to oral argument and, accordingly, the question of transfer in these actions was submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., *id.* at 264.

*Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, 406 F.Supp. 540, 542 (Jud.Pan.Mult.Lit.1975). Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e. g.*, Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation*, Part I, §§ 1.90–1.93 (rev. ed. 1977). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (Jud.Pan.Mult.Lit. 1974).

Nor need the parties worry about incorporating tag-along actions into the coordinated or consolidated pretrial proceedings in this litigation. The transferee judge has procedures available through which appropriate discovery already completed in earlier actions can be made applicable to actions that are later filed. *See Manual for Complex Litigation*, Parts I and II, §§ 3.11 (rev. ed. 1977). Indeed, this will be an additional benefit of transfer under Section 1407.

*Id.* at 246–47.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions entitled *Patricia W. Childress v. United States of America*, E.D.Tennessee, C.A. No. 1–77–313, and *Debra L. Gordon v. United States of America, et al.*, D.Oregon, C.A. No. 78–110, be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings with the actions pending there.