**In re SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION.**

*Jerry L. and Betty Porter v. United States of America, et al.*, N.D. Ohio, C.A. No. C78–195

*Garrett E. Winter v. United States of America, et al.*, N.D. California, C.A. No. C78–1179–SC

*Margaret M. Goldstein v. United States of America*, E.D. Pennsylvania, C.A. No. 78–2524

*John D. Moseley, etc. v. United States of America*, E.D. California, C.A. No. S–78–411–PCW

**No. 330.**

Judicial Panel on Multidistrict Litigation.

Jan. 16, 1979.

---

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD *, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER, Judges of the Panel.

### I. *BACKGROUND*

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred a number of actions in this litigation to the District of the District of Columbia for coordinated or consolidated pretrial proceedings before the Honorable Gerhard A. Gesell. *In re Swine Flu Immunization Products Liability Litigation*, 446 F.Supp. 244; 453 F.Supp. 648 (Jud.Pan. Mult.Lit.1978). The actions in the transferee district involve claims for personal injuries or wrongful death allegedly resulting from administration of swine flu vaccinations under the National Swine Flu Immunization Program of 1976, 42 U.S.C. § 247b(j)–(*l*). The claims are asserted

against the United States and other participants in the Swine Flu Program.[1] Plaintiffs in those actions generally allege that the swine flu vaccine was improperly developed, researched, tested, manufactured, marketed, distributed, promoted and administered. The injuries most frequently alleged are paralysis, a particular type of paralysis known as Guillain-Barre Syndrome, loss of sensation and death.

On June 20, 1978, the Secretary of the Department of Health, Education and Welfare released a statement in which the Secretary stated that, to receive federal compensation, Guillain-Barre claimants will not need to prove negligence by participants in the Swine Flu Program, but will have to show only that the claimant in fact developed Guillain-Barre Syndrome as a result of a swine flu vaccination and suffered the alleged damages as a result of that condition. The Secretary noted, however, that although negligence will no longer be an issue, Guillain-Barre claims will be closely examined to determine proof of injury, causation and the fair amount of compensation. This policy, the Secretary stated, applies only to Guillain-Barre claims.

Plaintiffs in the first above-captioned action (*Porter*) are an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination, and his wife. In addition to the United States, the laboratory that allegedly prepared the vaccine is named as a defendant.

Plaintiff in the second above-captioned action (*Winter*) is also an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination. In addition to the United States, other program participants named as defendants in *Winter* are a California county, a laboratory and the parent corporation of the laboratory.

The third above-captioned action (*Goldstein*) is brought on behalf of the estate of

---

* Judge Weinfeld did not participate in the decision of this matter.

1. The legislation enacting the Swine Flu Program provided that the United States would assume exclusive liability, with certain limitations, for all personal injuries or deaths resulting from manufacture, distribution or administration of vaccine under the Swine Flu Program. 42 U.S.C. § 247b(k).

an individual who allegedly suffered severe and disabling injuries, "including but not limited to Guillain-Barre polyneuritis," eventually resulting in his death, as a result of receiving a swine flu vaccination. The United States is the sole defendant.

Plaintiff in the fourth above-captioned action (*Moseley*) is the executor of the estate of his wife. She allegedly suffered injuries to her lungs and respiratory system, eventually resulting in her death, as a result of receiving a swine flu vaccination. The United States is the sole defendant. No Guillain-Barre claim is made in *Moseley*.

Because *Porter* and *Winter* appeared to involve common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567–68 (1978), entered orders conditionally transferring *Porter* and *Winter* to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiffs in *Porter* opposed transfer of *Porter*. The California county named as a defendant in *Winter* opposed transfer of *Winter*. The United States and plaintiffs' steering committee for MDL–330 favored transfer of both actions. On October 31, 1978, the Panel denied transfer with respect to *Porter* and *Winter*. The following excerpts from the Panel's opinion of that date are relevant here:

We find that, in view of the Secretary's statement concerning Guillain-Barre claims, and on the basis of the rest of the record before us, *Porter* and *Winter* no longer share questions of fact with any other swine flu actions and that transfer of these two actions would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we vacate the conditional transfer orders.[2]

[2] All parties in *Winter* waived their right to oral argument and, accordingly, the question of transfer of this action was submitted for decision on the briefs. Defendants in *Porter* also waived their right to oral argument. *See* Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

**2.** A fifth action which was before the Panel, *Howard and Goldie Stahl v. United States of*

The proponents of transfer essentially argue that, despite the Secretary's statement, these actions will still share many of the same discovery and pretrial concerns with other swine flu actions and would benefit from inclusion in the coordinated or consolidated pretrial proceedings occurring in the transferee district.

We find these arguments unpersuasive. The common questions of fact in this litigation pertain to the issue of liability. *See In re Swine Flu Immunization Products Liability Litigation, supra,* 446 F.Supp. at 246–47. Because the Secretary's statement purports to remove the issue of liability from *Porter* and *Winter*,[3]

[3] For the purposes of this opinion, the Panel must necessarily rely on the allegations in the complaints in *Porter* and *Winter* that Guillain-Barre claims are involved in these actions. *See In re Kauffman Mutual Fund Actions,* 337 F.Supp. 1337, 1339–40 (J[ud].P[an].M[ult].L[it]. 1972).

and the remaining issues of proof of injury, causation and damages are unique as to the plaintiffs in *Porter* and *Winter,* respectively, inclusion of these actions in the coordinated or consolidated pretrial proceedings is not appropriate at the present time. *See In re Air Crash Disaster at Pago, Pago, American Samoa on January 30, 1974,* 394 F.Supp. 799 (J[ud]. P[an].M[ult].L[it].1975).

## II. PROCEEDINGS BEFORE THE PANEL

### A. Porter and Winter

The United States has moved for reconsideration of the Panel's October 31, 1978 opinion denying transfer of *Porter* and *Winter*. The United States requests the Panel to vacate the opinion and to transfer *Porter* and *Winter*. The California county named as a defendant in *Winter* now supports the position of the United States. Plaintiffs in *Porter* oppose reconsideration. Plaintiff in *Winter* has not responded to the motion for reconsideration.

### B. Goldstein and Moseley [2]

Because *Goldstein* and *Moseley* appeared to involve common questions of fact with

America, S.D.Florida, C.A. No. 78–3688–Civ–SMA, has been dismissed. Consideration of

the actions in this litigation previously transferred to the District of the District of Columbia, the Panel, pursuant to Rule 9, R.P.J.P.M.L., *supra*, 78 F.R.D. at 567–68, entered orders conditionally transferring *Goldstein* and *Moseley* to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiff in each action opposes transfer of his or her respective action. The United States and plaintiffs' steering committee for MDL–330 favor transfer of these actions.[3]

### III. DECISION OF THE PANEL

With respect to *Porter, Winter* and *Goldstein*, which for our present purposes, and without making any finding to that effect, we will assume involve Guillain-Barre claims,[4] we find that, in light of recent doubts concerning whether the Secretary's statement has removed the issue of liability from actions involving Guillain-Barre claims in MDL–330, *Porter, Winter* and *Goldstein* still share questions of fact with other MDL–330 actions, and transfer of these three actions under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings occurring in the District of the District of Columbia before Judge Gesell will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Accordingly, we grant the motion for reconsideration with respect to *Porter* and *Winter*, vacate our opinion and order of October 31, 1978 concerning *Porter* and *Winter*, and order transfer of *Porter, Winter* and *Goldstein*.

We further find that *Moseley*, which involves no Guillain-Barre claim, clearly shares questions of fact with other MDL–330 actions and that transfer of *Moseley* under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings

occurring in the transferee district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

### IV. REASONING

#### A. Porter, Winter and Goldstein

The opponents of transfer argue in essence that the Secretary's statement has removed the common issue of liability from their respective actions involving Guillain-Barre claims; that the remaining issues of proof of injury, causation and damages are unique with respect to each action; and that inclusion of these actions in the coordinated or consolidated pretrial proceedings is therefore inappropriate.

The United States argues in support of reconsideration and transfer that the Panel "erred in concluding that Secretary Califano's statement removed the issue of liability from [the MDL–330 proceedings with respect to actions involving Guillain-Barre claims]. Secretary Califano's statement did not have that effect." Memorandum of the United States in Support of Its Motion for Reconsideration and to Vacate the Opinion and Order Filed October 31, 1978 at 3. The United States contends that the Panel misconstrued the scope of the remaining common factual issues in the MDL–330 proceedings in its opinion and order of October 31, 1978. The United States urges the Panel to vacate that opinion and to continue to transfer actions involving Guillain-Barre claims.

We note initially that there is now some uncertainty as to how many of the actions in this litigation involve Guillain-Barre claims. The United States has stated that it may contest allegations that a particular injury was Guillain-Barre Syndrome. In addition to the complaints which specifically allege Guillain-Barre Syndrome, a number of complaints allege loss of sensation or

---

the question of transfer with respect to this action is therefore moot.

3. The plaintiffs' steering committee appeared at oral argument. Plaintiffs Goldstein and Moseley and defendant United States waived their right to oral argument.

4. As we have noted earlier in this opinion, the Panel necessarily must rely on the allegations in the complaints in these actions. See note 3 of the quoted material on page 951, *supra*.

paralysis in general, or other neurological disorders which caused varying degrees of loss of sensation or paralysis. It is possible that some of these alleged disorders may later be found to be Guillain-Barre Syndrome. Moreover, a number of the complaints which include allegations of Guillain-Barre Syndrome allege other types of injury as well. We find that, among all MDL–330 actions potentially involving Guillain-Barre claims, key common questions of fact exist concerning what, in fact, constitutes Guillain-Barre Syndrome.

With respect to the actions which ultimately are found, or conceded, to involve Guillain-Barre claims, we find the record before us unclear as to whether the Secretary's statement has removed the issue of liability from those claims. The plaintiffs' steering committee for MDL–330 represents in a brief before the Panel that the United States "has declined to reduce [the Secretary's] announcement to the terms of a binding stipulation, as heretofore suggested by [Judge] Gesell, the transferee judge." Opposition to Motions to Vacate [Conditional Transfer Orders] at 2. Moreover, as noted above, the United States in its brief in support of the motion for reconsideration denies that the Secretary's statement has removed the issue of liability from MDL–330 actions involving Guillain-Barre claims. Indeed, the very question of what effect the Secretary's statement has upon the MDL–330 actions has become an issue in this litigation, and that issue can most efficiently be handled by the transferee judge in a uniform fashion in the course of the centralized pretrial proceedings.

In a statement filed in the transferee court, the United States has specified as follows: "In all cases, the United States will admit that Guillain-Barre can result from administration of the Swine Flu vaccine, but the United States may contest that a particular injury . . . was contracted from the administration of the vaccine." Statement of the United States Concerning Litigation Procedure in Cases Arising Out of the Swine Flu Program at 3. The issue of causation of Guillain-Barre Syndrome from administration of a swine flu vaccination is a common threat which runs through all swine flu actions involving Guillain-Barre claims. Although the issue of causation surely raises questions of fact individual to each action involving Guillain-Barre claims, we are now persuaded that the issue of causation in those actions also raises common questions of fact concerning the scope and manner by which administration of a swine flu vaccination can cause Guillain-Barre Syndrome. This conclusion is augmented by the fact that over 200 swine flu actions involving Guillain-Barre claims are presently pending in federal court and that more of these actions are anticipated. *See In re Swine Flu Immunization Products Liability Litigation, supra*, 446 F.Supp. at 246 n. 3.

Thus, we are of the opinion, on the basis of the record presently before us, that continued supervision by the transferee judge, who is familiar with the nuances of this litigation, of all swine flu actions involving Guillain-Barre claims is necessary to promote the efficient judicial administration of these claims.

We note that Judge Gesell, at any time he considers it appropriate, can recommend to the Panel that the Panel remand any action or separable claim in which the common pretrial proceedings have been completed and which would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a); Rule 11(c)(ii), R.P.J.P.M.L., *supra*, 78 F.R.D. at 569. *See, e. g., In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, 453 F.Supp. 108 (Jud.Pan.Mult.Lit.1978). Judge Gesell, as the transferee judge, is the firsthand judicial observer of these actions, and therefore the Panel would be greatly influenced by his suggestion that remand of any action or separable claim is appropriate. *See id.* at 110.

### B. *Moseley*

Plaintiff in *Moseley* states that a related action arising from the death of his wife is pending in California state court against

the physicians and facilities which undertook the care and treatment of his wife during the period between her receipt of a swine flu vaccination on November 14, 1976 and her death on November 19, 1976. Plaintiff asserts that identical discovery concerning the properties of the swine flu vaccine will be necessary in both the state and federal court actions. Plaintiff contends that transfer of *Moseley* to the District of the District of Columbia would impose an unfair burden on him because it would require him to duplicate these identical discovery proceedings in two distant forums.

We find these arguments unpersuasive. Plaintiff in *Moseley* does not deny that *Moseley* involves common questions of fact with the actions in the transferee district. For the reasons stated in our first two opinions in this litigation, we find that *Moseley* involves common questions of fact with the actions in the transferee district and that transfer of *Moseley* is appropriate. *In re Swine Flu Immunization Products Liability Litigation, supra,* 446 F.Supp. at 246–47; 453 F.Supp. at 649–50.

The concern of plaintiff in *Moseley* that transfer will result in duplicative discovery efforts and hardship is unwarranted. The judicious use by the parties in all MDL–330 actions of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation,* Part I, §§ 1.90–1.93 (rev. ed. 1977). Furthermore, witnesses will likely be deposed in proximity to where they reside and, since transfer pursuant to Section 1407 is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e. g.,* Fed.R.Civ.P. 45(d)(2). In addition, the transferee judge has procedures available through which appropriate discovery already completed in earlier actions can be made applicable to *Moseley, see Manual for Complex Litigation, supra,* Parts I and II, § 3.11. Also, because plaintiff in *Moseley* and other plaintiffs in the transferee district have similar interests, the plaintiffs

will be able to pool their efforts and resources. Hence, plaintiff in *Moseley* will probably experience a net savings of cost and effort as a result of transfer.

We observe that certain measures could be taken by plaintiff in *Moseley* to avoid duplication of effort between his federal and state court actions. For example, plaintiff could seek to agree on a stipulation with defendants that discovery schedules will be coordinated in both actions and that all relevant discovery could be used in each action. *See, e. g., The Union Light, Heat & Power Co. v. United States District Court,* 588 F.2d 543 (6th Cir., filed December 6, 1978) (No. 78–3442).

IT IS THEREFORE ORDERED that the motion for reconsideration of the Panel's October 31, 1978 opinion and order denying transfer under 28 U.S.C. § 1407 with respect to the actions entitled *Jerry L. and Betty Porter v. United States of America, et al.,* N.D. Ohio, C.A. No. C78–195, and *Garrett E. Winter v. United States of America, et al.,* N.D. California, C.A. No. C78–1179–SC, be, and the same hereby is, GRANTED; that the opinion dated October 31, 1978 be, and the same hereby is, VACATED; and that the actions entitled *Jerry L. and Betty Porter v. United States of America, et al.,* N.D. Ohio, C.A. No. C78–195, and *Garrett E. Winter v. United States of America, et al.,* N.D. California, C.A. No. C78–1179–SC, be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

IT IS FURTHER ORDERED that the actions entitled *Margaret M. Goldstein v. United States of America,* E.D. Pennsylvania, C.A. No. 78–2524, and *John D. Moseley, etc. v. United States of America,* E.D. California, C.A. No. S–78–411–PCW, be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for inclu-

sion in the coordinated or consolidated pretrial proceedings occurring there.