Nancy ZECK, Appellant,

v.

UNITED STATES of America, Appellee.

Albert ZECK, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 83–1554, 83–1555.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Nov. 9, 1983.

Charles M. Thompson, May, Adam, Gerdes & Thompson, Pierre, S.D., Steven Z. Garris, Garris, Garris & Garris, P.C., Ann Arbor, Mich., for appellants.

Leslie C. Ohta, Civil Div., U.S. Dept. of Justice, Washington, D.C., Terry L. Pechota, Native American Rights Fund, Boulder, Colo., Philip N. Hogen, U.S. Atty., Jeffrey Axelrad, Director, Torts Branch, Leslie C. Ohta, Attys., J. Paul McGrath, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Appellant Albert Zeck brought this action against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (FTCA) and the National Swine Flu Immunization Program of 1976, 42 U.S.C. § 247b(k)(1)(A) *et seq.* (Swine Flu Act) alleging that he suffered a stroke resulting from receipt of the swine flu vaccine. Appellant Nancy Zeck filed an action under the FTCA and the Swine Flu Act for loss of consortium based upon the injury to her spouse. Following remand to the United States District Court, 559 F.Supp. 1345, for the District of South Dakota both actions were tried together before the Honorable Donald J. Porter.[1] After a five day trial, the court rendered judgment for the United States. This appeal followed.

The district court found that the Zecks failed to carry their burden of showing a causal connection between the swine flu shot and Mr. Zeck's stroke. The court held that the clear weight of the evidence supported the government's position that Mr. Zeck's symptoms were compatible with those seen in anyone suffering from a brain stem stroke. The court further held that there was scarcely any evidence in the record which would justify finding in favor of the Zecks. The court stated that to make such a finding it would be necessary to discount the evidence which portrayed Mr. Zeck as an individual who had a history of vascular disease in his family, smoked heavily, was under considerable stress, and was probably mildly hypertensive.

We have carefully studied the record, including the district court's opinion, the briefs and the arguments of the parties to this action. We find that the judgment of

---

1. On February 28, 1978, the Judicial Panel on Multidistrict Litigation ordered that all swine flu cases be transferred to the District of Columbia for coordinated and consolidated pre-trial proceedings. *In re Swine Flu Immunization Products Liability Litigation,* 446 F.Supp. 244 (Jud.Pan.Mult.Lit.1978).

the district court is based on findings of fact that are not clearly erroneous and no error of law appears therein. Accordingly, we affirm pursuant to Rule 14 of the rules of this court on the basis of Judge Porter's opinion.