**In re A. H. ROBINS CO., INC. "DAL-KON SHIELD" IUD PRODUCTS LIABILITY LITIGATION.**

*Lou Deane Lipman, et al. v. A. H. Robins Co.* D. Massachusetts, C.A. No. 75–4569–G.

*Kathleen Huber v. A. H. Robins Co., et al.* C.D. California, C.A. No. CV75–4–AAH.

*Mirian N. Cohen, et al. v. Donald G. Johnson, et al.* S.D. New York, C.A. No. 75 Civ. 6416.

*Reba Fortenberry v. A. H. Robins Co.* W.D. North Carolina, C.A. No. SH–C–201.

*Wayne Mings, et ux. v. A. H. Robins Co., Inc.* N.D. Georgia, Civil Action No. 75–2301A.

**No. 211.**

Judicial Panel on Multidistrict Litigation.

Aug. 24, 1976.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL and ANDREW A. CAFFREY, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel previously has transferred several actions in this litigation to the District of Kansas and assigned them to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540 (Jud.Pan. Mult.Lit.1975). Since the above-captioned actions appeared to share common factual questions with the previously transferred actions, the Panel entered orders conditionally transferring them to the District of Kansas. Plaintiffs in four of these actions and some of the defendants in the New York action have filed motions to vacate the conditional transfer orders. Alternatively, the California plaintiff moves the Panel to transfer all California actions in this litigation to a single California district for Section 1407 pretrial proceedings. Defendant Robins favors transfer of all actions to the District of Kansas. We find that these actions raise questions of fact common to the previously transferred actions and that their transfer to the District of Kansas pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

The parties opposed to transfer argue that participation in Section 1407 proceedings will greatly increase their litigation expenses while serving the convenience of only defendant Robins. Plaintiffs in the California and Massachusetts actions also contend that their actions are unique because of the nature of the injuries they have suffered. Should the Panel find transfer appropriate, however, the California plaintiff moves the Panel to order separate coordinated or consolidated pretrial proceedings for the *California Dalkon Shield* actions because a number of these actions presently are pending in federal district courts in California. In addition, this plaintiff argues, much discovery remains to

---

1. All parties waived their right to oral argument and, accordingly, these matters were submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

be accomplished in her action, and the relevant documentation and witnesses are located or reside in California or Virginia, not Kansas. Finally, Robins' co-defendants in the New York action, physicians who inserted the New York plaintiff's Dalkon Shield, maintain that transfer of the New York action is not warranted because discovery into the nature of their conduct and standard of professional care is fundamentally different from discovery relevant to the behavior of defendant Robins.

These arguments are not persuasive. In our earlier opinion, we recognized that the actions in this litigation vary in certain respects, including the nature of the injuries suffered, disparate legal theories and the presence of different defendants. *See In re A. H. Robins Co., Inc., supra,* 406 F.Supp. at 542. An analysis of the complaints in the above-captioned actions, however, demonstrates that each action shares the same factual questions concerning the design, testing, manufacture, labeling and inspection of the Dalkon Shield that predominated in the previously transferred actions. *Id.* Moreover, we note that a number of the actions already transferred pursuant to Section 1407 involve both injuries and legal theories virtually identical to those involved in these tag-along actions. Thus, their inclusion in the coordinated or consolidated pretrial proceedings will undoubtedly eliminate duplication of discovery, prevent the possibility of inconsistent pretrial rulings, conserve judicial effort and result in an overall savings of time and expense for the parties. In addition, the transferee judge has the flexibility to design a pretrial format that will permit discovery on any unique issues to proceed concurrently with common pretrial matters. *Id.*

The California plaintiff's request for bifurcated Section 1407 pretrial proceedings in this litigation is clearly devoid of merit. Several California actions were included in our original transfer order in this litigation, which has since grown to include over 200 actions that were originally filed in 51 districts throughout the nation. Furthermore,

in the only Dalkon Shield actions presently remaining in California federal courts, except for the one at bar, discovery on the questions of fact in common with the litigation in the transferee district is nearly completed. *In re A. H. Robins Co., Inc. "Dalkon Shield" Products Liability Litigation,* Docket No. 211 (J.P.M.L., filed May 25, 1976.)

IT IS THEREFORE ORDERED that the above-captioned actions be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions previously transferred to that district.