In re A. H. ROBINS CO., INC. "Dalkon Shield" IUD Products Liability Litigation.

*Volovski, et al. v. A. H. Robins Co., Inc.,* D. New Jersey, C.A. No. 76–690 *Kennedy, et al. v. A. H. Robins Co., Inc.,* D. New Jersey, C.A. No. 77–183 *Martone, et al. v. A. H. Robins Co., Inc.,* S.D. Florida, C.A. No. 77–173–SMA.

No. 211.

Judicial Panel on Multidistrict Litigation.

Oct. 17, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously has transferred several actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings. *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, 406 F.Supp. 540 (Jud.Pan.Mult.Lit. 1975); 419 F.Supp. 710 (Jud.Pan.Mult.Lit. 1976). Since *Volovski, Kennedy* and *Martone* appeared to share factual questions with the previously transferred actions, the Panel entered orders conditionally transferring these three actions to the District of Kansas for inclusion in the pretrial proceedings under Section 1407. Plaintiffs in these actions have filed motions to vacate the conditional transfer orders. Defendant Robins favors transfer of all actions to the District of Kansas.[1]

We find that these three actions raise questions of fact common to the previously transferred actions and that transfer of the three actions to the District of Kansas pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

*Volovski* was filed in the District of New Jersey as a class action on behalf of all women in New Jersey who have had a Dalkon Shield inserted. The complaint in this action alleges that Robins' advertising concerning the Dalkon Shield violated New Jersey's Consumer Fraud Act. Like many of the complaints in the actions in the transferee district, the complaints in *Kennedy* and *Martone* allege, *inter alia*, that

defendant Robins was negligent in manufacturing, testing and marketing the Dalkon Shield.

During oral argument before the Panel, plaintiffs in *Volovski* conceded that this action shares questions of fact with the actions in the transferee district. Transcript at 3. These plaintiffs nonetheless contend that transfer of their action is inappropriate mainly because the theory of liability upon which *Volovski* is based differs from the theories of liability in the actions in the transferee district. Plaintiffs maintain that since this action involves solely New Jersey law, the district court in New Jersey is in the best position to interpret that law.

Plaintiffs in *Kennedy* and *Martone* assert that the majority of their witnesses reside in the respective districts wherein these actions were filed and that these witnesses would be inconvenienced by a Section 1407 transfer to Kansas. Plaintiffs in *Kennedy* also contend that transfer of their action would be unfair because plaintiffs will be unable to travel to Kansas in order to participate in pretrial proceedings there.

In our two earlier opinions in this litigation, we have considered and rejected arguments very similar to those now made by all movants. *See In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, supra,* 419 F.Supp. at 711–12; 406 F.Supp. at 542. Thus, under our previous opinions and orders, *Volovski, Kennedy* and *Martone* clearly should be included in the coordinated or consolidated pretrial proceedings in the District of Kansas.

We note that it is not peculiar for a federal district judge to be faced with applying law of a state other than the one wherein his or her district is located, and thus the presence of foreign state law in multidistrict litigation is of no particular consequence.

Moreover, since the parties and witnesses usually do not personally participate in pre-

---

1. All parties in *Kennedy* and *Martone* waived their right to oral argument and, accordingly, the question of transfer in those two actions was submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

trial conferences or hearings, it is unlikely that these individuals will ever have to travel to the transferee forum for pretrial under Section 1407. Depositions of witnesses, of course, will probably occur in proximity to where they reside. Fed.R.Civ.P. 45(d)(2). And in the event defendant Robins seeks to depose a plaintiff in a location not in proximity to where the plaintiff resides, the plaintiff may seek a protective order under Fed.R.Civ.P. 26(c)(2) to have the deposition taken in a more convenient place.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions entitled *Volovski, et al. v. A. H. Robins Co., Inc.*, D. New Jersey, C.A. No. 76–690; *Kennedy, et al. v. A. H. Robins Co., Inc.*, D. New Jersey, C.A. No. 77–183; and *Martone, et al. v. A. H. Robins Co., Inc.*, S.D. Florida, C.A. No. 77–173–SMA, be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings with the actions pending there.