**In re A. H. ROBINS CO., INC. "Dalkon Shield" IUD Products Liability Litigation.**

**Susan COSTELLO v. A. H. ROBINS CO., INC., D. Nebraska, C.A. No. 80–0–460.**

**Carol SOUCY et al. v. A. H. ROBINS CO., INC., D. New Hampshire, C.A. No. C–80–384–D.**

**Jo Ann COWAN v. A. H. ROBINS CO., INC. et al., N.D. California, C.A. No. C–80–3086–SW**

**Claire C. SHARPE v. A. H. ROBINS CO., INC. et al., N.D. California, C.A. No. C–80–3099-SW.**

**Angela GALLOP v. A. H. ROBINS CO., INC. et al., N.D. California, C.A. No. 80–3138–SW.**

**No. 211.**

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1981.

OPINION AND ORDER

Before ANDREW A. CAFFREY, Chairman, and ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FREDERICK A. DAUGHERTY, and SAM C. POINTER, Jr., Judges of the Panel.

PER CURIAM.

The Panel has previously transferred, pursuant to 28 U.S.C. § 1407, actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings.[1] This litigation has grown to include over 971 actions of which about 300 have been settled and dismissed in the transferee district and approximately 441 have been remanded by the Panel to their respective transferor courts following receipt of suggestions of remand from Judge

---

1. *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540 (Jud.Pan.Mult.Lit.1975); 419 F.Supp. 710

Theis.[2] The complaints in the actions in the transferee district basically allege that: 1) defendant A. H. Robins Company, Inc., (Robins) promoted and labeled an intrauterine device known as the Dalkon Shield in a manner that was misleading and that failed to warn the prospective wearer of the dangers of the Dalkon Shield; and 2) Robins was negligent in the design, testing, manufacture, inspection and/or distribution of the Dalkon Shield. Additional defendants in the actions in the transferee district include plaintiffs' personal physicians, hospitals and/or clinics, and two physicians who have served as medical consultants to Robins and who at one time held proprietary rights and interests in the Dalkon Shield.

The transferee judge has reported to the Panel that common discovery relating to product liability has been completed in the transferee district. Three months ago the Panel considered the objections of Robins to the transfer of nineteen potential tag-along actions that were pending in the Northern District of California. The Panel denied transfer with respect to those nineteen actions, holding in relevant part as follows:

On the basis of the papers filed, the Panel is persuaded that transfer of these actions would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. Robins stresses that pretrial proceedings are no longer active in the MDL–211 transferee district and that the primary purpose for transfer of new tag-along actions has been limited to obtaining the benefits and restrictions deriving from the pretrial orders entered by the transferee judge. Robins urges that this purpose can be accomplished, with respect to Northern District of California actions, without transfer under Section 1407 because 1) the court in the Northern District of California has consolidated, pursuant to local rules, all Dalkon Shield actions in that district (including actions already remanded from the transferee

district and newly filed actions), and 2) voluntary coordination between the Kansas and California courts, parties and counsel can secure the benefits of Section 1407 transfer while avoiding the frustration of the local consolidation in the Northern District of California which transfer of these nineteen actions would generate. In view of the unanimous agreement by the parties to the nineteen actions that transfer should be denied, and considering the framework for processing Dalkon Shield actions established by the court in the Northern District of California, we agree that transfer of the nineteen actions is inappropriate. [Footnote omitted.]

*In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, Docket No. 211 (J.P.M.L., Oct. 7, 1980) (unpublished order).

The first above-captioned action (*Costello*) was brought against Robins in July, 1980. Plaintiff is a woman who alleges that she suffered injuries from using the Dalkon Shield which required her to undergo a hysterectomy. Plaintiff seeks recovery under theories of negligence, fraud and malice, failure to warn, and breach of warranties.

The second above-captioned action (*Soucy*) was brought against Robins in August, 1980. Plaintiffs are a husband and wife who allege that the wife suffered permanent injuries as a result of using the Dalkon Shield. Plaintiffs seek recovery under theories of negligence, gross negligence, strict liability, and breach of express and implied warranties.

The remaining three above-captioned actions (the Northern District of California actions) also incorporate allegations against Robins based on theories of negligence, breach of warranties, and/or strict liability in tort.

Because *Costello, Soucy* and the Northern District of California actions appeared to

---

(Jud.Pan.Mult.Lit.1976); 438 F.Supp. 942 (Jud. Pan.Mult.Lit.1977).

**2.** *See, e. g., In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, 453 F.Supp. 108 (Jud.Pan.Mult.Lit.1978).

share questions of fact with the actions in this docket previously transferred to the District of Kansas, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567–68 (1978), entered orders conditionally transferring the actions to that district for inclusion in the centralized pretrial proceedings occurring there. Plaintiffs in *Costello* and *Soucy* oppose transfer of their respective actions. Robins favors transfer of *Costello* and *Soucy* and opposes transfer of the Northern District of California actions.

We find that transfer of *Costello, Soucy* and the Northern District of California actions at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the Dalkon Shield litigation. Accordingly, we vacate the conditional transfer orders entered with respect to the five actions.[3]

Although we recognize that these actions share questions of fact with actions previously transferred in this litigation, we are not persuaded that transfer under Section 1407 remains appropriate for newly filed actions in this docket. This litigation has been pending for over five years and discovery of common issues has been completed in the transferee district. This completed discovery can be made available to the parties in the actions before the Panel without recourse to Section 1407. For example, the judges to whom the five actions are assigned could issue orders to show cause why all discovery heretofore completed in the transferee district should not be made applicable to the actions. *See Manual for Complex Litigation*, Parts I and II, §§ 3.11 (rev. ed. 1977). Judge Theis, as transferee judge, has also prepared a final pretrial order[4] which has been entered in the actions which have already been remanded in

this docket. That order is available to the parties, counsel and judges involved in these five actions, can provide a convenient expression of the conclusions of the transferee judge which have been reached through his familiarity with the litigation, and can serve as an aid in avoiding duplication of discovery and preventing inconsistent pretrial rulings. *See In re Seeburg-Commonwealth United Merger Litigation*, 415 F.Supp. 393, 396 (Jud.Pan.Mult.Lit. 1976).

Finally we note that the use of alternatives to transfer under Section 1407 will eliminate the problems of coordination faced by courts that have been attempting to structure proceedings in their respective districts which encompass both remanded Dalkon Shield actions and newly filed Dalkon Shield actions.[5]

IT IS THEREFORE ORDERED that the conditional transfer orders concerning the actions entitled *Susan Costello v. A. H. Robins Co., Inc.*, D. Nebraska, C.A. No. 80–0–460; *Carol Soucy, et al. v. A. H. Robins Co., Inc.*, D. New Hampshire, C.A. No. C–80–384–D; *Jo Ann Cowan v. A. H. Robins Co., Inc., et al.*, N.D. California, C.A. No. C–80–3086–SW; *Claire C. Sharpe v. A. H. Robins Co., Inc., et al.*, N.D. California, C.A. No. C–80–3099–SW; and *Angela Gallop v. A. H. Robins Co., Inc., et al.*, N.D. California, C.A. No. 80–3138–SW, be, and the same hereby are, VACATED.

---

**3.** The parties to these five actions waived their opportunity for oral argument and therefore the question of transfer of the five actions under 28 U.S.C. § 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

**4.** *See In re A. H. Robins Co., Inc., "Dalkon Shield" IUD Products Liability Litigation*, Docket No. 211 (D.Kan., Nov. 28, 1977) (unpublished order).

**5.** As a consequence of the Panel's decision herein, the Panel will no longer issue conditional transfer orders in this docket. Accordingly, the parties to this litigation are relieved of their responsibility, pursuant to Rule 10(e), R.P.J.P. M.L., *supra*, 78 F.R.D. at 568–69, to notify the Clerk of the Panel of the pendency of any potential tag-along actions in which they are named.