**In re A.H. ROBINS CO., INC. "DALKON SHIELD" IUD PRODUCTS LIABILITY LITIGATION.**

**Diane HARRIS v. A.H. ROBINS CO., INC., et al., E.D. Louisiana, C.A. No. 83–76, Sec. K.**

**Elyse GOLDENBERG, et al. v. A.H. ROBINS CO., INC., D. Rhode Island, C.A. No. 79–0326.**

**No. 211.**

Judicial Panel on Multidistrict Litigation.

Aug. 15, 1983.

### ORDER *

The Panel has previously transferred, pursuant to 28 U.S.C. § 1407, actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings. *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540 (J.P.M.L.1975); 419 F.Supp. 710 (J.P.M.L.1976); 438 F.Supp. 942 (J.P.M.L.1977). This litigation has grown to include over 1000 actions, of which over 90% have either been remanded by the Panel to their respective transferor courts or settled or dismissed in the transferee district.

On January 9, 1981, the Panel entered an opinion denying transfer pursuant to conditional transfer orders of five potential tag-along actions in this docket and concluded that transfer under Section 1407 was not appropriate because, *inter alia,* 1) common

discovery had been completed in the transferee district, 2) alternatives to transfer under Section 1407 existed which could serve to help avoid duplicative discovery and inconsistent pretrial rulings, and 3) the use of such alternatives would eliminate problems of coordination faced by courts that had been attempting to structure proceedings in their respective districts which encompassed both remanded Dalkon Shield actions and newly filed Dalkon Shield actions. *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 505 F.Supp. 221 (J.P.M.L.1981). Also in this opinion, the Panel announced that it would no longer issue conditional transfer orders in this docket. On March 16, 1982, however, the Panel transferred an additional tag-along action to the District of Kansas. *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation* (J.P.M.L., filed March 16, 1982) (unpublished order). In ordering transfer of the tag-along action, the Panel noted, *inter alia,* that common discovery had been reopened in the transferee district and that transfer would not disrupt any proceedings in the transferor court.

Presently before the Panel are 1) a motion by plaintiff in the first above-captioned action (*Harris*) for transfer of *Harris* under 28 U.S.C. § 1407 for inclusion in the centralized pretrial proceedings in the District of Kansas; and 2) a motion by plaintiffs in the second above-captioned action (*Goldenberg*) for retransfer of *Goldenberg* under 28 U.S.C. § 1407 from the District of Rhode Island to the District of Kansas.

On the basis of the papers filed,[1] the Panel finds that transfer of *Harris* and retransfer of *Goldenberg* at this time would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Judge Theis has informed the Panel that the reopened

---

* Judge Robert H. Schnacke took no part in the decision of this matter.

1. All parties to *Harris* waived oral argument and, therefore, the motion in *Harris* was submitted for decision on the basis of the papers filed. *See* Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283–84 (1981). The motion for retransfer in *Goldenberg* was also submitted for decision on the basis of the papers filed, in accordance with the last sentence of Panel Rule 13(b). *Id.* at 282.

common discovery proceedings are near an end in the transferee district, that he perceives his role under Section 1407 to be completed, and that transfer of actions under Section 1407 is no longer advisable. We adopt his recommendation, which is based upon his extensive experience and familiarity with the actions in this litigation, and decline to transfer *Harris* and retransfer *Goldenberg.*

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407 to transfer the action entitled *Diane Harris v. A.H. Robins Co., Inc., et al.,* E.D. Louisiana, C.A. No. 83–76, Sec. K, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion pursuant to 28 U.S.C. § 1407 to retransfer the action entitled *Elyse Goldenberg, et al. v. A.H. Robins Co., Inc.,* D. Rhode Island, C.A. No. 79–0326, be, and the same hereby is, DENIED.