745 F.2d 312
 Rebecca Ann KONTOULAS,
v.
A.H. ROBINS COMPANY, INC.,
and
Hugh J. Davis, Jr., M.D., Defendant.
Matilda S. AMSLER, et al., Appellees,
v.
A.H. ROBINS COMPANY, INC., Appellant,
and
Hugh J. Davis, Jr., M.D., Defendant.
Matilda S. AMSLER, et al., Appellees,
v.
Hugh J. DAVIS, Jr., M.D., Appellant,
and
A.H. Robins Company, Inc., Defendant.
Matilda S. AMSLER, et al., Appellees,
v.
A.H. ROBINS COMPANY, INC., Appellant,
and
Hugh J. Davis, Jr., M.D., Defendant.
Rebecca Ann KONTOULAS, Appellee,
v.
A.H. ROBINS, INC., Defendant,
and
Hugh J. Davis, Jr., M.D., Appellant.
 Nos. 84-1087, 84-1117 to 84-1119, 84-1141.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 9, 1984.
Decided Oct. 3, 1984.
 
 H. Thomas Howell, Baltimore, Md. (Charles P. Goodell, Jr., Susan T. Preston, Richard M. Barnes, Semmes, Bowen & Semmes; Joseph G. Finnerty, Jr., Deborah E. Jennings, Piper & Marbury, Baltimore, Md., on brief), for appellants.
 Michael A. Pretl, Baltimore, Md. (Nicole Schultheis, H. Robert Erwin Jr., Erica G. Thyberg, Pretl & Schultheis, P.A., Baltimore, Md., Robert E. Manchester, Geoffrey W. Crawford, Manchester & O'Neill, P.C., Burlington, Vt., on brief), for appellees.
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 In this case we are again called upon to address some of the myriad problems raised by the filing of multiple tort suits based upon injuries caused by a single product, here the Dalkon Shield. The Dalkon Shield is an intrauterine contraceptive invented by appellant Hugh J. Davis, M.D., a Maryland physician. The product was developed and tested primarily at Johns Hopkins Hospital in Baltimore, under Dr. Davis's supervision. It was manufactured by appellant A.H. Robins Co., Inc. (hereafter Robins), and distributed worldwide for several years.
 
 
 2
 Various problems associated with its use caused Robins to withdraw the device from the market in 1974, and have resulted in the filing of thousands of products liability suits. Before us are five consolidated appeals from denials of motions to dismiss some 80 such suits for improper venue and/or for forum non conveniens. We affirm the denials to dismiss on forum non conveniens grounds.[1]
 
 I.
 
 3
 The particular cases before us have two factors in common. All were filed in Maryland after June 21, 1982,[2] and all were filed by non-residents of Maryland. Included are suits by non-domestic (Canadian and Australian) plaintiffs, as well as plaintiffs from at least sixteen states.[3] No Maryland plaintiffs are in this group, because the basis alleged for jurisdiction is diversity of citizenship under 28 U.S.C. Sec. 1332(a). Venue in Maryland was asserted under 28 U.S.C. Sec. 1391(a) and (c), which requires that in diversity suits all defendants, or all plaintiffs, live in the forum where the suit is brought, or that the injuries have arisen there. None of the plaintiffs suffered injury or was treated in Maryland. Since no plaintiff lives in Maryland, it follows that venue is based upon defendant Davis being a Maryland resident and defendant A.H. Robins doing business in that State.
 
 
 4
 Like most Dalkon Shield products liability cases filed since 1975, those sub judice were consolidated for discovery in the District of Kansas by the Judicial Panel on Multidistrict Litigation.[4] In each case now before us, Robins filed a motion to dismiss for improper venue and/or for forum non conveniens (these motions are hereafter collectively referred to as the motions to dismiss).[5] On May 18, 1983, all motions were consolidated and assigned to one district judge for hearing and disposition. Besides briefs, affidavits, and other documents, the parties were invited to submit memoranda on the forum non conveniens issues. On November 16, 1983, the motions to dismiss were denied.[6] Appellants moved for reconsideration[7], and when that motion was denied, Robins filed an appeal from the original Order and another from the denial of reconsideration. Dr. Davis also appealed from both orders. A pending motion to have the lead case, Kontoulas, transferred to North Carolina, was dismissed after entry of the November 16, 1983 order. Robins and Dr. Davis appealed that dismissal separately. These are the five appeals before this court.
 
 II.
 
 5
 The appellants contended that the cases should be remanded to the district court for exercise of discretion after a finding that the denial of the motion to dismiss was error. The standard governing our review of the district court's original Order is abuse of discretion. The same standard governs our review of the district court's refusal to reconsider its earlier order. In a Dalkon Shield action brought by a British citizen and heard by this court last year, Robins had moved for forum non conveniens dismissal of the case. We indicated our feeling that London was perhaps the better forum, but concluded that:
 
 
 6
 Whether a motion to dismiss on the ground of forum non conveniens should be granted or denied is a matter entrusted to the discretion of the district judge ... this court may not preempt the discretion vested in the district court. Our only role is to determine whether or not the action of the district court was so unreasonable or so arbitrary as to be beyond the range of its discretion, Hodson v. A.H. Robins, 715 F.2d 142, 144 (4th Cir.1983) [emphasis added].
 
 
 7
 As in Hodson, we will affirm the district court, not because Maryland is in our view necessarily the best forum, but because we defer to the district court absent evidence of clear error.
 
 III.
 
 8
 The district court found, and we agree, that 28 U.S.C. Sec. 1404(a), change of venue, applies to the motions to dismiss the domestic cases.[8] It provides:For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 
 
 9
 Dismissals are not authorized by the statute, and transfers may only be made to other federal districts where the cases could have been brought in the first place. Under Sec. 1391(a), diversity cases may be brought only where the claim arose or where all plaintiffs or all defendants reside. These cases could not have been brought in the federal district courts either of the plaintiffs' domiciles, or of Virginia, the state where the torts arose, because most, if not all, of those districts would have lacked personal jurisdiction over Dr. Davis. Although in connection with Robins's motions to dismiss, Dr. Davis indicated his willingness to consent to be sued in the districts where the plaintiffs reside, that subsequent consent cannot compensate for the lack of jurisdiction at the time the suits were brought in Maryland. Moreover, the Supreme Court held in Hoffman v. Blaski, 363 U.S. 335, 342-43, 80 S.Ct. 1084, 1088-89, 4 L.Ed.2d 1254 (1960), that even consent to jurisdiction by a party cannot convert a federal district into one in which a suit "might have been brought" under Sec. 1404, if venue and jurisdiction requirements were not met at the time the suit was first filed. The Supreme Court rejected the Hoffman petitioner's argument that Sec. 1404(a) transfer might be made properly to any federal district court where the suit could be brought at the time of the motion to transfer. Here, Maryland was the only possible place where the domestic cases could have been brought.
 
 
 10
 The Hoffman court referred in dictum to the "superseded doctrine of forum non conveniens," 363 U.S. at 342, 80 S.Ct. at 1089. Robins, on the other hand, argued that forum non conveniens "conditional dismissal"[9] is a viable method of effecting a transfer from one federal district to another when the requirements of Sec. 1404(a) cannot be met. While we are inclined to agree that the doctrine of forum non conveniens was wholly replaced by Sec. 1404(a) for the purposes of inter-federal district court transfer we will refrain from so holding, because the motions to dismiss either the foreign or the domestic cases could not be granted under common law forum non conveniens either, a subject we now address.
 
 IV.
 
 11
 We consider first the motion under the common law forum non conveniens as it relates to the Australian and Canadian plaintiffs. Forum non conveniens is a doctrine available to courts considering alternative fora outside the United States. The only question for us to decide is whether, under that doctrine, the defendants met their burden of showing not only that Maryland was not the best forum, but that a particular other forum was more appropriate.
 
 
 12
 A forum non conveniens dismissal must be based on the finding that, when weighed against plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum, Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243, 1245 (5th Cir.1983).
 
 
 13
 We agree with the district court that Robins and Dr. Davis have not made the necessary showing with regard to Australia and Canada. Their strongest arguments and evidence were presented in their motion for reconsideration, but they did not even attempt to set forth reasons why any of their arguments could not have been made on their original motion. We treat Robins' motion as a Rule 60(b) motion, see generally, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 68, 103 S.Ct. 400, 407, 74 L.Ed.2d 225 (1982) (Marshall, J., dissenting). The discussion in Griggs concerned Rule 59 motions, but as the opinion makes clear, the difference between a Rule 59 motion and a Rule 60(b) motion is only the time that they are filed. As a leading commentator has said, courts ruling on Rule 60(b) motions "have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner," Wright & Miller, Federal Practice and Procedure, Civil Sec. 2857 (1973). Robins' failure to identify its motion as a Rule 60(b) motion does not allow us to be less vigilant in enforcing that rule.
 
 
 14
 But even if there had been good cause for Robins' failure to assert earlier the facts submitted on its motion for reconsideration, we could not grant the motion. Robins and Dr. Davis have suggested by letter that Dr. Davis will consent to personal jurisdiction in Australia, but we are not convinced that the letter meets the requirements for showing that the alternative forum is better. In Hodson, discussed above, we refused to find that the London domicile of Dalkon Shield plaintiffs was an appropriate alternative forum for suits to be dismissed on forum non conveniens grounds. We see no reason to vary the rule of Hodson and reverse the district court here. Robins has not indicated what court provides the alternative forum here, it has only suggested the country. While not unmindful of Robins's apparent attempts to cooperate with this court in an effort to facilitate these dismissals, we cannot find that Robins has satisfied its burden.
 
 V.
 
 15
 Without discussing the question whether Sec. 1404 transfer replaced forum non conveniens, we will consider whether under the old doctrine of forum non conveniens, the dismissals here in issue are proper for the United States plaintiffs, either.[10]
 
 
 16
 The district court found that Robins had failed to meet the burden of showing that an alternative forum existed. The district court recognized that while diversity jurisdiction would be proper in the states where the plaintiffs reside, two problems would remain: first, the amenability to suit of the defendants; and second, the existence of statute of limitations bars to the suits.
 
 
 17
 As to the first, we will assume without deciding that Dr. Davis's consent to be sued gives the alternative fora personal jurisdiction over him. However, Robins has not met its heavy burden of showing for each individual action that no statute of limitations in the plaintiff's home state renders that state ineligible to serve as an alternative forum. Since the burden is on the moving party to make this showing, we cannot but agree with the district court that even if available for the domestic plaintiffs, the alternative fora for forum non conveniens dismissal have not been shown to exist. With its motion for reconsideration, Robins did file state-by-state listings of cases along with attempted showings that for "the majority" of cases, no substantive statute of limitations bar exists in other states. As we indicated in our discussion of the non-domestic plaintiffs' cases, the evidence presented with the motion for reconsideration should have been introduced in the motion to dismiss, and we are not inclined to consider it now. Moreover, Robins did not, even in the motion for reconsideration, identify why the state chosen for listing each plaintiff was a preferable alternative. Indeed, Robins has not even suggested what state would serve as the alternative forum for the many plaintiffs who have moved since the insertion of the Dalkon Shield, or the illness that resulted.
 
 
 18
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Appellants have conceded that the improper venue issue is not now ripe for appeal, and that issue accordingly has not been considered
 
 
 [2]
 Rebecca Ann Kontoulas filed the first of these suits on June 22, 1982
 
 
 [3]
 At oral argument, the court learned that since this appeal was noticed, the number of cases in this group has grown to approximately 140. That number shows every sign of continuing to rise
 
 
 [4]
 The Panel's findings have been published, "In Re A.H. Robins Co., Inc., "Dalkon Shield" Products Liability Litigation, 406 F.Supp. 540 (Jud.Pan.Mult.Lit.1975); id., 419 F.Supp. 710 (1976); id., 438 F.Supp. 942 (1977); id., 453 F.Supp. 108 (1978); id., 505 F.Supp. 221 (1981); id., 570 F.Supp. 1480 (1983)
 
 
 [5]
 Dr. Davis was not a party to Robins's motions to dismiss, but he has since indicated that his position with respect to the motions is at one with Robins's
 
 
 [6]
 After the Order of November 16, 1983, was filed but before we heard this appeal, eight of the nine active judges of the United States District Court for the District of Maryland entered an Order dividing the pending cases into 13 groups and scheduling them for trial at three month intervals from December 1984 until December 1987
 
 
 [7]
 Robins filed its Motion for Reconsideration on November 29 following the November 16 Order. The motion was thus too late to be treated as a Rule 59(e) Motion to Alter or Amend. We therefore consider it as a Rule 60(b) Motion for Relief from Judgment or Order. The district court has discretion whether or not to exercise the right to amend under Federal Rule of Civil Procedure 60(b). The scope of our review is limited to abuse of discretion
 
 
 [8]
 In the Kontoulas case on March 10, 1983, Robins filed a motion for transfer of venue under 28 U.S.C. Sec. 1404(a) to North Carolina, the domicile of the plaintiff. In what appears to have been an afterthought, a request in the alternative for forum non conveniens dismissal was appended at the end of the pleading. In all of the other cases, plaintiffs' counsel filed only motions to dismiss for forum non conveniens. Although the Kontoulas motion had not been ruled on when the others were filed, we can only assume that plaintiffs' counsel realized the impossibility, under Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), of prevailing on the Sec. 1404 claim. Our inference is strengthened by the absence of any mention of Sec. 1404 transfer by Robins or Dr. Davis on these appeals
 
 
 [9]
 Dismissal to be conditioned on the suits' being refiled in the respective domiciles of the plaintiffs
 
 
 [10]
 We also do not reach the question whether the "conditional dismissals" requested by Robins were proper under the common law forum non conveniens doctrine, although we note that even Robins has cited no authority for such a conditional dismissal