**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WESTINGHOUSE OVERSEAS SERVICE
CORPORATION,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 95-2168

AUSTRALIAN DEFENCE INDUSTRIES,
LIMITED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-94-2513-WMN)

Argued: April 3, 1996

Decided: April 24, 1996

Before RUSSELL, HALL, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Donald E. Sharpe, PIPER & MARBURY, L.L.P., Balti-
more, Maryland, for Appellant. Michael H. Selter, GRAHAM &
JAMES, Washington, D.C., for Appellee. **ON BRIEF:** William L.
Reynolds, Quincy M. Crawford, PIPER & MARBURY, L.L.P., Balti-
more, Maryland; H. Alan Jones, WESTINGHOUSE ELECTRIC
CORPORATION, Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Westinghouse Overseas Service Corporation ("Westinghouse") filed this action against Australian Defence Industries, Inc. in the United States District Court for the District of Maryland. Westinghouse alleged claims for breach of contract and for misappropriation of trade secrets. The district court dismissed the action on the basis of forum non conveniens in favor of the Australian Capital Territory Court.

A court may dismiss an action under forum non conveniens when the relevant public and private interests strongly favor trial in an alternative forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Kontoulas v. A. H. Robins Co., 745 F.2d 312, 315 (4th Cir. 1984). "The forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only where there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." Piper Aircraft, 454 U.S. at 257.

The district court found that the private interest factors did not favor either forum: each party possessed copies of the relevant documents near its desired forum, and each party would be equally inconvenienced by having to travel to the other country to depose witnesses. Westinghouse Overseas Serv. Corp. v. Australian Defence Indus., Civil Action No. WMN-94-2513, mem. at 6 (D. Md. May 26, 1995). On the other hand, the district court found that the public interest factors strongly favored litigating this case in the Australian Capital Territory. In the district court's view, the fact that the law of the Australian Capital Territory applies to the breach of contract claims, together with the fact that Westinghouse submitted to the jurisdiction in the Australian Capital Territory, constituted strong reasons to dismiss this action in favor of the Australian forum. Id. at 9.

2

We conclude that the district court did not abuse its discretion in balancing the public and private interests in this case. We therefore affirm the district court's dismissal of Westinghouse's action upon the claim of forum non conveniens.

<u>AFFIRMED</u>

3