**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY J. RANKINE,
Plaintiff-Appellant,

v.

JOHN RANKINE,
Defendant-Appellee,

and

No. 98-1260

CEANET INCORPORATED; CEANET
PARTY LIMITED; STOREY BLACKWOOD
ACCOUNTANTS; JOHN DEAKER; JOHN
CAMPBELL; DAVID HEWITT; GERALD
TEO; J. HAYES; M. GARNETT; D.
BARTON; J. HILL; COLIN V. RUSSELL,
Defendants.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CA-96-61-5-V)

Submitted: August 18, 1998

Decided: November 23, 1998

Before WIDENER and HAMILTON, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony J. Rankine, Appellant Pro Se. Michael Cornelius Landreth, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Rankine appeals from a district court order adopting the magistrate judge's recommendation to dismiss his civil action pursuant to the doctrine of forum non conveniens. We review a decision to grant a motion to dismiss on forum non conveniens grounds for abuse of discretion. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981). Dismissal is appropriate where the various public and private interest factors delineated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947), weigh in favor of litigating the action in an available alternative forum. While we find that the district court properly weighed the pertinent Gilbert factors in this case and acted within its discretion by finding that the Supreme Court for New South Wales would be a more appropriate forum for litigation of this action, we agree with Rankine that the court erred by not requiring the Appellees to carry their burden to establish that this forum is actually available. See El-Fadl v. Central Bank of Jordan , 75 F.3d 668, 676-77 (D.C. Cir. 1996).

Generally, the district court's dismissal on forum non conveniens grounds should be conditional on the moving party's provision of its consent to the jurisdiction of the proposed alternative forum, together with a waiver of any limitations defenses. See Scottish Air Intern. v. British Caledonian Group, 81 F.3d 1224, 1235 (2d Cir. 1996); Ceramic Corp. of Amer. v. Inka Maritime Corp., 1 F.3d 947, 949 (9th Cir. 1993). If the moving party does not waive its limitations

2

defenses, we have held that it has the burden to show, as to each individual cause of action, that no statute of limitations in the proposed alternative forum renders that forum unavailable. See Kontoulas v. A.H. Robins. Co., 745 F.2d 312, 316 (4th Cir. 1984). Rankine correctly contends that in this case the Appellees have not waived their limitations defenses. In fact, they asserted a limitations defense in their answer to Rankine's complaint. Moreover, the district court declined to address Rankine's limitations argument on the ground that making a legal determination regarding the applicable statute of limitations would be contrary to the purposes of the forum non conveniens doctrine. Such a determination, however, is a threshold matter essential to determining whether the proposed alternative forum is actually available.

Accordingly, we vacate the district court's dismissal order and remand for further proceeding consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3