**Richard John Charles GALUSTIAN, Plaintiff,**

v.

**Lawrence T. PETER, Defendant.**

**Action No. 2:08cv59.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 11, 2008.

Frank A. Edgar, Jr., Esquire, Marc E. Darnell, Esquire, Kaufman & Canoles P.C., Newport News, VA, for Plaintiff.

Robert W. Johnson, Esquire, Balch & Bingham LLP, Washington, DC, Christopher S. Anulewicz, Esquire, Kenneth A. Khoury, Esquire, Balch & Bingham LLP, Atlanta, GA, for Defendant.

## CLARIFICATION ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff Richard John Charles Galustian's ("plaintiff") motion to reconsider the court's conditional dismissal of this action on the basis of *forum non conveniens*. For the reasons set forth below, the plaintiff's motion is **GRANTED.** Dismissal of this action on the basis of *forum non conveniens* shall be further conditioned as set forth in this Order.

### I. Factual and Procedural History

The relevant factual and procedural history is set forth in detail in the court's Memorandum Opinion, filed on June 18, 2008 (the "Memorandum Opinion"), and need not be repeated herein. *See Galustian v. Peter*, 561 F.Supp.2d 559 (E.D.Va. 2008). In the Memorandum Opinion, the court conditioned dismissal of the plaintiff's one-count defamation action on the basis of *forum non conveniens*, provided that the defendant, Lawrence T. Peter ("defendant"), furnished to the court, in writing, (1) his affirmative submission to the jurisdiction of the Iraqi courts,[1] and (2) his written waiver of any statute of limita-

---

**1.** This condition was included due to the existence of Coalition Provisional Authority Order Number 17 ("Order 17"), under which certain foreign individuals involved in the rebuilding effort in Iraq are immune from legal process there. *See generally* Coalition Provisional Authority Order Number 17 (Revised) (June 27, 2004), *available at* http://www.cpa-iraq.org/regulations/20040627_CPAORD_17_Status_of_Coalition_Rev_with_Annex_A.pdf. As noted in the Memorandum Opinion, the parties dispute whether Order 17 applies to the defendant. *See Galustian,* 561 F.Supp.2d at 562–63.

tions defenses he may otherwise raise in Iraq. *Galustian,* 561 F.Supp.2d at 562–63.

Subsequent to the entry of the Memorandum Opinion, on June 30, 2008, the defendant complied with the conditions of the court's dismissal by affirmatively assenting to the jurisdiction of the Iraqi civil courts through a waiver of immunity under Coalition Provisional Authority Order Number 17 ("Order 17") and by waiving any statute of limitations defenses otherwise applicable in Iraq.[2]

On June 27, 2008, the plaintiff filed a motion for reconsideration of the Memorandum Opinion, in which he asserts, in essence, that the defendant *himself* cannot affirmatively assent to the jurisdiction of the Iraqi civil courts. Rather, the plaintiff contends that the waiver of any immunity under Order 17, and, therefore, the defendant's submission to the jurisdiction of the Iraqi courts, must come from the United States itself, which is the defendant's "Sending State" by the terms of Order 17.[3] On July 11, 2008, the defendant filed a response in opposition to the plaintiff's motion. The plaintiff replied on July 18, 2008. The matter is ripe for review.

## II. Analysis

■ When a court considers a motion to dismiss on the basis of *forum non conveniens,* the moving party bears the burden of showing that an adequate alternative forum exists. *See Kontoulas v. A.H. Robins Co.,* 745 F.2d 312, 315 (4th Cir.1984). "Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction," *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks and citation omitted), and has waived any statute of limitations defenses applicable in the proposed alternative forum. *Rankine v. Rankine,* 166 F.3d 333 (4th Cir. Nov. 23, 1998) (unpublished table decision).

■ In the present case, because Order 17 confers immunity to numerous individuals involved in the rebuilding effort in Iraq, the court conditioned the *forum non conveniens* dismissal on the defendant's submission to the jurisdiction of the Iraqi courts through his waiver of any immunity that he may have under Order 17. Requiring the defendant himself, as opposed to the United States as the defendant's Sending State, to waive any immunity that the defendant may have under Order 17, by the terms of Order 17, appears insufficient.[4] Accordingly, the plaintiff's motion for reconsideration is **GRANTED,** and the conditions of dismissal are further modified as follows: The defendant is **ORDERED** to provide, in writing, within

---

2. The defendant waived any statute of limitations defenses to the extent that the plaintiff files his claim in Iraq within one year of the final judgment, including any appeals, of the matter in this court. The defendant, through counsel, indicated that he fashioned the waiver in this manner because the statute of limitations for a claim of defamation is one year under Virginia law. *See* Va.Code Ann. § 8.01–247.1 (1995).

3. *See* Order 17 § 5 (noting that "[i]mmunity from Iraqi legal process ... is not for the benefit of the individuals concerned," and requests to waive immunity under Order 17 are to be referred to the respective Sending State, as that term is defined in § 1(5)).

4. In the Memorandum Opinion, the court did not reach a final determination as to whether Order 17 is applicable to the defendant. The court does not do so here, other than to highlight that, absent an express waiver of any immunity that may be applicable to him under Order 17, the defendant has not carried his burden of showing that Iraq is an adequate alternative forum. *See Fidelity Bank PLC v. N. Fox Shipping N.V.,* 242 Fed.Appx. 84, 90 (4th Cir.2007) (unpublished); *Kontoulas,* 745 F.2d at 315; *Galustian,* 561 F.Supp.2d at 563 n. 5. As noted herein, this waiver cannot come from the defendant alone; it must come from the United States.

ninety (90) days of the date of this Order, a waiver of immunity from Iraqi legal process by the United States on the defendant's behalf, in accordance with § 5 of Order 17. If the defendant is unable to procure such a waiver, the matter will proceed in this court at that time.[5]

### III. Conclusion

For the reasons set forth above, the plaintiff's motion for reconsideration is **GRANTED,** and dismissal of this action is further conditioned as set forth in this Clarification Order.

The Clerk is **DIRECTED** to send a copy of this Clarification Order to counsel for the parties.

**IT IS SO ORDERED.**

---

5. The court is satisfied that the defendant has fulfilled the second condition contained in the Memorandum Opinion, through his waiver of any statute of limitations defenses that he might otherwise raise in Iraq. *See Galustian,* 561 F.Supp.2d at 562–63; *supra* note 2.