SHEDD, Circuit Judge,
dissenting:
The district court granted MSC Shipping’s motion to dismiss this action — an action which MSC Shipping commenced— under the federal common-law doctrine of forum non conveniens. After modifying the district court’s judgment, the majority affirms. However, it is not clear that MSC Shipping could properly move to dismiss its own action on forum non conveniens grounds, but even if it could, the district court erred in granting MSC Shipping’s motion because it did so without first concluding that an alternative forum was available at the time of its dismissal, which both Supreme Court and Fourth Circuit case law require. Accordingly, I dissent.
I
Under controlling precedent, a district court must make two findings before it can dismiss an action on forum non conveniens grounds. First, it must determine that an alternative forum exists at the time of its dismissal. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); Kontoulas v. A.H. Robins Co., Inc., 745 F.2d 312, 315-16 (4th Cir.1984). Second, it must consider various public and private interest factors to determine whether to exercise its discretion and dismiss the action in favor of the alternative forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 505-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Kontoulas, 745 F.2d at 315-16.[1]
II
A.
As an initial matter, I am not convinced it was proper for MSC Shipping to move to dismiss its own action on forum non *207 conveniens grounds. There is a presumption that the forum chosen by the party that commenced the action is appropriate, and the forum non conveniens doctrine provides a mechanism by which the opposing party can overcome this presumption. Sinochem Int’l Co. Ltd. v. Malaysia Int’l Shipping Corp., 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007); Gulf Oil, 330 U.S. at 505-09, 67 S.Ct. 839. Indeed, courts developed this doctrine in response to the problem of a plaintiff choosing an inconvenient forum to “ Vex,’ ‘harass,’ or ‘oppress’ the defendant,” Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839, and the burdens and presumptions that apply in a forum non conveniens analysis are based on the fact that the party who chose the current forum is not the one moving to dismiss the action, see Sinochem, 549 U.S. at 430, 127 S.Ct. 1184 (“A defendant invoking fo?um non conveniens ordinarily bears a heavy burden in opposing the plaintiffs chosen forum.”). Indeed, I am unaware of any controlling authority that establishes a party’s right to move to dismiss its own action on forum non conveniens grounds.
B.
To the extent the majority’s decision to allow MSC Shipping to dismiss its own action on fotum non conveniens grounds is influenced by its view that the equities in this case favor MSC Shipping, I am not persuaded that this view is correct. For instance, the majority concludes that MSC Shipping’s conduct was consistent with one of the purposes of the U.S. Limitation of Liability Act because, after posting $111,348,810 in security with the district court as required by the Act and applicable rules, MSC Shipping used the Act to obtain an injunction against Boskalis before eventually moving to dismiss the action. See Maj. Op., at 198-99. Simply using the Act to obtain an injunction, however, does not make MSC Shipping’s conduct consistent with the Act because MSC Shipping’s conduct undercuts the more fundamental purpose of the Act, which is to allow a court to adjudicate claims against the full amount of the security posted. See, e.g., Maryland Cas. Co. v. Cushing, 347 U.S. 409, 414, 74 S.Ct. 608, 98 L.Ed. 806 (1954). By moving to dismiss this action, MSC Shipping has effectively used the Act to artificially limit a claimant’s available recovery to less than 20 percent of the full fund.[2]
The majority also asserts that MSC Shipping’s only alternative to commencing this action was to appear in every Boskalis-initiated attachment proceeding and file motions to dismiss in each of those cases. Yet, MSC Shipping indicated during oral argument that it could have commenced a limitation proceeding in response to and in any one of Boskalis’s pending attachment actions. Accordingly, MSC Shipping could have used one of those proceedings to obtain an injunction preventing Boskalis from commencing or continuing to litigate its other actions and then moved to dismiss the case in favor of the Chinese forum on forum non conveniens grounds. Not only would this course have served the interests of judicial economy, by preventing the need for the district court’s proceedings below, it would have allowed MSC Shipping to move for a forum non conveniens dismissal from the traditional posture of the party who did not commence the action.
Furthermore, MSC Shipping only moved to dismiss this action in favor of the Chinese forum after the deadline for filing *208 claims against MSC Shipping in that forum passed; and while the majority states that MSC Shipping asserted in its complaint that it would move to dismiss this action, see Maj. Op., at 194 (citing MSC Shipping Compl. at ¶ 20), the majority overstates the facts. MSC Shipping did not announce in its complaint that it would move to dismiss this action, it only reserved the right to do so. See MSC Shipping Compl. at ¶20. Therefore, if the equities are at all relevant to determining whether MSC Shipping could move to dismiss its own action on forum non conveniens grounds, they do not appear to favor MSC Shipping.
Ill
A.
Even assuming MSC Shipping could properly move to dismiss its own action on forum non conveniens grounds, the district court abused its discretion in granting MSC Shipping’s motion because it did so without first concluding that an alternative forum was available at the time of its dismissal. See United States v. Delfino, 510 F.3d 468, 470 (4th Cir.2007) (“A district court abuses its discretion when it ... commits an error of law.”). As noted above, both Supreme Court and Fourth Circuit precedents require a district court to determine that an alternative forum is available at the time of its decision before it can dismiss an action on forum non conveniens grounds. Piper, 454 U.S. at 254 n. 22, 102 S.Ct. 252; Kontoulas, 745 F.2d at 315-16. Controlling case law also makes it clear that the party who moves for a dismissal on forum non conveniens grounds bears the “heavy burden of showing” that an alternative forum is available. Kontoulas, 745 F.2d at 316; see also Sinochem, 549 U.S. at 430, 127 S.Ct. 1184 (stating that the defendant bears the “heavy burden”). As the majority acknowledges, an alternative forum is not available if, among other things, the statute of limitations in the alternative forum has expired. Maj. Op., at 201; see also Kontoulas, 745 F.2d at 316.
Here, the parties dispute whether a statute of limitations or its equivalent rendered the Chinese forum unavailable at the time of the district court’s ruling. According to Boskalis, the deadline for commencing or joining an action against MSC Shipping in China passed on June 30, 2007, which was before the district court’s decision. In response, MSC Shipping argues that China does not always follow filing deadlines and therefore might permit Boskalis to join or commence an action against it notwithstanding the expiration of the June 30 deadline. See Appellees’ Br. 26. However, Chinese maritime procedure law and the notices issued by the Tianjin Maritime Court support Boskalis’s position. See J.A. 105, 326, 333-34. Thus, on this record, MSC Shipping clearly has not carried its heavy burden of showing that the Chinese forum was available at the time of the district court’s decision. Therefore, Supreme Court and Fourth Circuit case law provide that this case cannot be dismissed on forum non conveniens grounds. See Piper, 454 U.S. at 254 n. 22, 102 S.Ct. 252; see also Kontoulas, 745 F.2d at 315—16.
However, the majority does not require MSC Shipping to meet its burden. Instead, after noting the parties’ differing positions with respect to the availability of the Chinese forum, the majority simply states that it is “not clear whether a statute of limitations would have indeed barred Boskalis’ claim against the limitation fund in China.” Maj. Op., at 202. In other words, the majority finds that it is not clear whether MSC Shipping has carried its burden of showing the availability of the Chinese forum. Nonetheless, the *209 majority affirms the district court’s decision by adopting an exception to the forum non conveniens doctrine, holding that an alternative forum does not need to be available in this case because Boskalis could have joined the Chinese proceeding before the June 30 deadline expired. I do not agree with the majority that we should adopt and apply such an exception because, as noted above, both Supreme Court and Fourth Circuit case law clearly require that an alternative forum be available before a case can be dismissed on forum non conveniens grounds. See, e.g., Piper, 454 U.S. at 254 n. 22, 102 S.Ct. 252; see also Kontoulas, 745 F.2d at 315-16. The majority’s decision thus represents a dramatic change from current law.
In addition to being a required element of the forum non conveniens analysis, the availability requirement serves a vital purpose and thus should not be lightly discarded. The Supreme Court has repeatedly instructed that “federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.” Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); see also Deakins v. Monaghan, 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (“[T]he federal courts have a virtually unflagging obligation to exercise their jurisdiction.” (quotation marks omitted)). The forum non conveniens doctrine represents one of the narrow exceptions to this general requirement because it allows a court to dismiss an action even if, as here, subject matter jurisdiction is entirely proper. See Gulf Oil, 330 U.S. at 504, 67 S.Ct. 839. However, one of the reasons why we can use the forum non conveniens doctrine to dismiss an action — even when we have jurisdiction — is because the doctrine’s availability requirement helps ensure that a tribunal in some alternative forum will be able to address the merits of the parties’ dispute. See id. at 504-09, 67 S.Ct. 839; cf. Burford v. Sun Oil Co., 319 U.S. 315, 332-34, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (stating that a state court’s concurrent jurisdiction counsels in favor of abstention). Indeed, “if no other forum is available ... it would be exceedingly harsh to dismiss for forum non conveniens.” Veba-Chemie AG. v. M/V Getafix, 711 F.2d 1243, 1248 (5th Cir.1983).
B.
To the extent some courts have created a “bad faith” exception to the availability requirement — under which a party’s conduct can eliminate the requirement that an alternative forum be available — and to the extent there is a suggestion that Boskalis’s past conduct places this case within that exception, there is nothing in the record to support such a view. Both United States and Chinese law provided Boskalis with options for attempting to recover losses associated with the collision, and Boskalis simply elected not to pursue a remedy in China. Similar decisions are made by litigants all the time when they decide whether and where to commence an action, and this alone does not show any bad faith by Boskalis.
In any event, the three cases from other circuits that the majority cites in support of its exception to the availability requirement, see Maj. Op., at 203, are in-apposite. They all involve cases where courts have held or suggested that the past conduct of the party who commenced the action can be held against it in determining whether an alternative forum is available.[3] Thus, these three *210 cases do not support considering Boskalis’s conduct as a factor in deciding the forum non conveniens issue because Boskalis did not commence this action. It merely responded to a complaint filed by MSC Shipping in a forum of MSC Shipping’s choosing.[4]
C.
Additionally, while the majority modifies the district court’s judgment to make it conditional on MSC Shipping not “raising or asserting” a defense based on a statute of limitations, Maj. Op., at 205, such a condition is not necessary under the majority’s analysis.[5] If, as the majority holds, the alternative forum does not need to be available, then this condition simply serves as a salve to soften the harshness of the majority’s new rule.
Moreover, Boskalis can take little comfort in this condition because MSC Shipping itself has stated that “it is not a matter for the parties to waive or extend the deadline for a claimant to file a claim in a Chinese limitation action. Instead, the decision lies within the discretion of the Tianjin Admiralty Court.” Appellees’ Br. 50 (citation omitted). Consequently, regardless of whether MSC Shipping “raise[s] or assert[s]” the deadline as a defense, Boskalis may be unable to proceed against MSC Shipping in China. If anything, the majority should condition the dismissal on the June 30 deadline not preventing Boskalis from commencing or joining an action against MSC Shipping. However, this condition should not be imposed unless MSC Shipping first carries its burden of showing that the alternative forum was available. See Calavo Growers of California v. Generali Belgium, 632 F.2d 963, 969 n. 6 (2d Cir.1980) (“[E]ven when the district court ‘justifiably believes’ that there is an adequate alternative forum, it is advisable to make any dismissal conditional in nature when there is uncertainty or conflict between expert opinions with regard to foreign jurisdictional law.”).
IV
For the foregoing reasons, I dissent.

. For an alternative forum to "exist” within the meaning of the forum non conveniens doctrine, a court must find that it is both available and adequate. Kontoulas, 745 F.2d at 315-16. Because I conclude that the district court erred by dismissing this action without first determining that an alternative forum is available, I do not reach the question of whether the alternative forum is adequate or whether the district court properly balanced the public and private interest factors.

. As noted, MSC Shipping posted $111,348,810 in security with the district court, but posted only $20,000,000 (approximately) with the Tianjin Admiralty Court.

. While the forum non conveniens doctrine does not support considering Boskalis’s con *210 duct when determining the availability of an alternative forum, there is some support for considering the motives of the party that commences the action. As indicated above, courts developed the fomm non conveniens doctrine as a way of responding to actions commenced by parties whose motives were to " ‘vex,’ ‘harass,’ or 'oppress' the defendant,” Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839. Thus, since the doctrine is “sensitive to [a] plaintiffs motive for choosing his forum,” Veba-Chemie, 711 F.2d at 1248 n. 10 (emphasis added), there is a basis for considering MSC Shipping's motives because it commenced this action.

. Notably, the three cases the majority cites all involve application of the forum non conveniens doctrine in the traditional procedural setting — i.e., where the defendant moves to dismiss an action that another party commenced — thus lending support for my position.

. In Kontoulas, we did not reach the question of whether "conditional dismissals” "were proper under the common law fomm non conveniens doctrine,” and we stated that the moving party in that case "cited no authority for such a conditional dismissal.” Kontoulas, 745 F.2d at 316 n. 10. I am not aware of any controlling authority since Kontoulas that authorizes our use of conditional dismissals in this context.